LITTLE & TOMPKINS *vs.* SEMPLE.

Where a carrier undertakes to deliver goods at a certain point, "*with privilege of re-shipping*" reserved in the bill of lading, his liability as common carrier continues until the goods are safely delivered at the point of destination. The privilege of re-shipment merely enables him to carry the goods in his own or some other vessel, but does not discharge him from any liability not excepted in the contract. Therefore, if the boat on which the goods are re-shipped deviates from her route, and is lost, the carrier is liable.

ERROR to St. Louis Court of Common Pleas.

Hudson *and* Holmes, *for Plaintiff in Error.*

1. That a transhipment from one vessel to another, except from necessity, is a deviation.—1 Phil. Ins., (2d edit.) ch. 12, sec. 1, p. 485; Story on Bail, sec. 562.

2. That a variation from the usual and direct course of the voyage, even but for a few leagues, is also a deviation.—1 Phil. Ins., 480, ch. 12, sec. 1; Hilbert et al. *vs.* Ibyn, cited in Delany *vs.* Stoddart, 1 T. Rep., 24.

3. That, in case of a deviation, the carrier is liable for all subsequent losses, even those happening from inevitable accident.— Story on Bail, sec. 509; 1 Phil. Ins., 484; Abbott on Ship., 239, note 1, 218, note 1.

The only question intended to be raised by the demurrer was, as to what was the legal effect of the words, "with privilege of re-shipping:" it is, perhaps, rather a question of interpretation, than of law.

The plaintiff relies upon the following:—

4. That the whole effect of the above phrase is this; that if the carrier, for any reason, does not choose to carry the goods by the steamboat "Alpha," he may carry them by the steamboat "Omega," and the transhipment shall not be considered a deviation, as it otherwise would.— Dunseth *vs.* Wade et al., 2 Scam. Rep., 285; Pelly *vs.* Royal Exchange Assurance Co., 1 Burr. Rep., 341–348.


SPALDING and TIFFANY, *for Defendant in Error.*

1. If no privilege of re-shipment had been contained in the bill of lading, the carrier would still have had the right to re-ship, in case his own boat or vessel had been disabled.— Abbott on Shipping, 240; 1 Phil. on Ins., 590.

2. The privilege, therefore, in the bill of lading, that defendant, the carrier, had a right to re-ship, must mean something further than such right as exists, when a ship is disabled, to send on the cargo by some other vessel, to its destination.

3. This latter right (of employing another vessel when it is impossible to complete the voyage with the first) is called "*transhipment.*" The privilege reserved in the present bill of lading is termed "*re-shipment,*"— a second shipment—a repetition of the original act of shipment, of which the bill of lading is the evidence, and therefore a totally different thing from transhipment.— Abbott on Shipping, 240, 243; 1 Phil. on Ins., 590; Stephens on Average, 363; Hughes on Ins., 125, 172, 402; Smith's Merc. Law, 180, 239; (15 Law Lib.)

4. The meaning of the bill of lading in question, containing the privilege of re-shipment, is, that the carrier will convey the goods safely as far as it may be convenient for him to go, and will then faithfully perform the duty of the forwarding merchant, in putting them on board a proper vessel for the port of destination.


NAPTON, *Judge, delivered the opinion of the Court.*

The plaintiffs brought an action of assumpsit in the St. Louis Court of Common Pleas, against the defendant, as one of the owners of the steamboat Meridian, upon a contract of affreightment. The plaintiffs shipped upon said boat, at Pittsburg, one hundred kegs of nails, of the value of five hundred and thirty-nine dollars and thirty-seven cents, to be delivered in good order at the port of Galena, in the State of Illinois, (the dangers of river navigation, fire, and unavoidable accidents excepted,) to the plaintiffs or their assigns, they paying therefor at the rate of fifty cents per keg, with privilege of re-shipping. The

nails were re-shipped at St. Louis, upon the steamboat Illinois, with the privilege of deviating as far as Jefferson barracks, which is about ten miles out of the direct course to Galena: the Illinois did deviate thus far, and after leaving Jefferson barracks, on her voyage to Galena, struck a rock and sunk, whereby the nails were lost.

The defendant filed several pleas, in substance averring, that the said goods were shipped on the Meridian, with a privilege of re-shipping the same at any time during the voyage; and that, during the said voyage, whilst safely conveying such goods, she did re-ship the goods on board the Illinois, a good and staunch boat, then bound for, and about to proceed to Galena, to be safely carried and delivered according to said contract, &c.

To all these pleas there was a demurrer. The demurrer was overruled by the court, and the defendant had judgment on the demurrer. The sufficiency of the pleas is therefore the only question presented by the records, and this depends upon the construction of the words, "*with privilege of re-shipping,*" contained in the bill of lading.

It is contended by the defendant in error, that the bill of lading containing the words, "with privilege of re-shipping," means that the carrier will convey the goods safely, as far as it may be convenient for him to go, and will then faithfully perform the duty of a forwarding merchant, in putting them on board a proper vessel for the port of destination.

We do not take this view of the contract. The contract is an entire one, for carrying the goods safely from Pittsburgh to Galena, and the consideration for the entire performance of the contract is fifty cents per keg. The privilege of re-shipping, reserved in the bill of freight, enabled the defendant to carry the goods to the port of destination, either in his own boat or any other vessel, but in either event, did not discharge him from any liability not excepted in the contract. Had the words, "with privilege of re-shipping," been omitted, the mere fact of re-shipping the goods on another boat, unless in case of necessity, would have been a deviation, and made him responsible. (Story on Bailment, sec. 562; Abbott on Shipping, chap. 3, sec. 1, 8.) By the insertion of this clause, he is at liberty to tranship, or re-ship on another boat, but his contract is not performed until the delivery of the goods at Galena. His compensation was for such delivery, and his liabilities should be commensurate thereto. The demurrer should have been sustained.

Judgment reversed, and cause remanded.