CARR *et al.*, Respondents, v. STEAMBOAT MICHIGAN, Appellant.

1. Where there is a privilege of reshipping reserved in a bill of lading, the carrier will be liable for any loss occurring on the boat on which the goods are reshipped, if under like circumstances he would have been liable had the loss occurred on his own boat.
2. The reservation in a bill of lading of the "privilege of reshipping" con. fers only the right of transferring the goods shipped to another boat or vessel for the purpose of being transported to the port of destination; it will not authorize the temporary storing of the goods on a wharf-boat at the point of reshipment; nor will the carrier, in order to escape liability for the loss of the goods while stored on a wharf-boat at Cairo with a view to reshipment to St. Louis, be permitted to show that "the usual and customary mode of reshipping was to place the cargo on wharf-boats at Cairo, to be taken therefrom by other boats bound for St. Louis."

*Appeal from St. Louis Court of Common Pleas.*

The defendant's offer to prove a custom, as appears from the bill of exceptions, was as follows: "The defendant then offered evidence to show, that, under bills of lading similar to

the one offered in evidence by the plaintiff, it was the usual and general custom, upon the arrival of boats at Cairo, Ill., from New Orleans, with cargoes for St. Louis, and the condition of the river was such that the boats could not reach St. Louis, to reship the cargo on boats of lighter draft; and that the usual and customary mode of reshipping was to place the cargo on wharf-boats at Cairo, to be taken therefrom by other boats bound for St. Louis." The court refused to receive the offered evidence.

*Hudson & Thomas*, for appellant.

*Krum & Harding*, for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiffs shipped at New Orleans four cases of merchandise, which the defendant contracted to transport and deliver at St. Louis, " the dangers of the river and fire only excepted," and in the bill of lading reserved the " privilege of reshipping." This action is brought for a breach of the contract in failing to deliver the goods. It appears that the boat proceeded on her voyage as far as Cairo, and not being able to proceed further immediately on account of the condition of the river, her officers transferred her cargo to the wharf-boat at Cairo, with instructions to reship the same on smaller boats, and then returned to New Orleans. The wharf-boat sank a few hours after the Michigan left and the plaintiffs' goods were lost. The defendant offered on the trial to prove that the wharf-boat did not sink through any fault of her officers or crew, and that it was customary for boats in that trade to deposit freight on the wharf-boat designed for reshipment on smaller vessels, but the court refused to receive the evidence.

The principle involved in this case was settled by this court in Little v. Semple, 8 Mo. 99, in which it was decided that the privilege of reshipping does not discharge the boat from any liability not excepted in the contract; and though the right is secured of transhipping on another boat, the lia-

bility continues until the goods are safely delivered at the port of destination. The privilege of reshipment reserved in the contract is intended for the benefit of the carrier, and does not limit his liability ; for if the goods are safely delivered, he will earn his freight whether they are carried in his own or another vessel; and his obligations are commensurate to the reward he contracted to receive. (Whitesides v. Russell, 8 Watts & Serg. 44 ; Angel on Carriers, sec. 227.) If the goods are lost on the vessel on which they reshipped by a peril excepted in the bill of lading and by reason of an accident which would excuse the carrier if the loss had occurred on his own boat, he will not be responsible if he has the privilege of transhipment ; but he will be liable for any loss occurring on the boat on which the goods are reshipped if under like circumstances he would be liable had the loss occurred on his own boat. If the carrier, without the privilege reserved in the bill of lading, reships on another boat, on which the goods are lost even by an inevitable accident, he will be liable, unless the necessity to reship results from a disaster to the vessel ; and with the privilege of reshipping he has no right to remove the cargo except from one boat to the other, and then his responsibility continues the same as though it had not been removed. Without the stipulation in this bill of lading of the right to reship it would not be pretended that the Michigan was authorized to deposit her cargo on the wharf-boat, and the right secured by the stipulation was limited to the simple act of transferring from one boat to another. The evidence was properly excluded, and, with the concurrence of the other judges, the judgment will be affirmed.