*J. N. Sweetzer*, for appellant.

*B. K. Elliott*, for appellee.

————————•————————

THE AMERICAN EXPRESS COMPANY v. FLETCHER and Another.

COMMON CARRIERS.—FORWARDERS.—Suit against an express company for a failure to deliver a package of money consigned by the plaintiff to one A. The receipt given for the package stipulated that it was to be delivered to A in person. Answer, that the agent of the company at the place to which said package was addressed was also the telegraph operator at that place; that a person pretending to be A came to said agent and

sent a telegram through him to the plaintiffs, requesting that the money sued for should be sent; that in answer to said telegram the money was sent by the plaintiffs, addressed to A, and that the same person who had sent said telegram called for and demanded said package, representing himself to be the person to whom the same was addressed, and the money was thereupon delivered to him by the defendant's agent.

*Held,* that the answer did not show such a degree of care and caution as would relieve the defendant from liability, even if charged as a forwarder only.

APPEAL from the *Marion* Common Pleas.

FRAZER, C. J.—*Fletcher* and *Sharpe,* who were bankers at *Indianapolis,* sued the appellant for the loss of a package of paper money which the latter undertook to carry from *Indianapolis* to *Arcola, Illinois,* and deliver to one *J. O. Riley,* in person. It so appears by a receipt given for the package, a copy of which is made part of the complaint. The complaint is in two paragraphs, in the usual form as against a common carrier, the first charging a loss by negligence, and the second that the package was carelessly delivered to another person than *Riley,* and thereby lost. It is alleged in both paragraphs that the defendant was a foreign corporation, and a common carrier of goods, money, &c. It is not alleged that it had complied with the provisions of our statute concerning express companies. 1 G. & H., § 2, p. 327. But no question arises as to that.

The answer was, 1. The general denial. 2. That the agent of the express company at *Arcola* was also the operator of the telegraph line communicating with *Indianapolis,* and that a person pretending to be *J. O. Riley* dispatched through said operator to the plaintiffs, a telegram requesting them to send him $1,900 by express; that in due time the same agent received by express a package purporting to contain valuables, addressed to *J. O. Riley,* whereupon the same person who had dispatched the telegram demanded said package, and it was thereupon delivered to him, and that this was the same grievance mentioned in the complaint. 3. That upon the arrival of the package at *Arcola,* a person presented himself claiming to be *J. O. Riley* and demanded the

package, and having identified himself as the very person upon whose telegram, dispatched on the day previous in the name of *J. O. Riley*, the package had been forwarded, thereupon the defendants, having no other means of identifying the claimant, and believing him to be the genuine *J. O. Riley*, delivered the same to him. Demurrers were sustained to the second and third paragraphs of the answer, and this raises the only question presented for our consideration.

The paragraphs are the same in legal effect, and were, in our opinion, not good. The express undertaking of the appellant was to deliver the package to *J. O. Riley* in person. The utmost that the answer alleged was that the delivery was to another person, who pretended to be *Riley*. He identified himself merely as having so pretended on the day before, by transmitting a telegram in *Riley's* name. This was no better evidence that his name was *Riley* than if he had so stated to the express agent, or any third person. That the package had been sent in response to a telegram purporting to be from *J. O. Riley*, simply proved that *Riley* had credit, or some arrangement with the plaintiffs to furnish him money, and that the package was sent to him, not that he was the person who sent the dispatch, or that any man pretending to be him was to receive it. The electric fluid was not capable of transmitting the man's autograph, so that the plaintiffs could have an opportunity of detecting an imposition. This the defendant was bound to know, and should have acted accordingly. The failure to act with proper caution was such negligence as clearly rendered the defendant liable for its consequences, even though its liability be limited to that of a forwarder, as was attempted to be done by the receipt given. That liability holds the defendant to ordinary diligence, that is, such care as every prudent man commonly takes of his own property. The payment of $1,900 of a man's own money to a stranger, without requiring him to identify himself as the person

really entitled to it, would be an act of very gross carelessness.

Without considering whether the facts pleaded in the second and third paragraphs of the answer would have been admissible in evidence under the general denial, we are of opinion that those paragraphs were justly held bad on demurrer. The cases cited in the argument for the appellant, being cases where payment had been made on forged orders, and it was held that money thus paid to an innocent party could not be recovered back unless notice of the forgery had been given on the same day, we do not deem applicable to a case like this. The reason upon which those decisions rest does not exist here.

The judgment is affirmed, with two per cent. damages and costs.

*L. Barbour* and *J. T. Jackson*, for appellant.

*A. G. Porter*, *B. Harrison* and *W. P. Fishback*, for appellees.