140 SUPREME COURT OF INDIANA.

The Cincinnati and Chicago Air Line Railroad Company v. McCool.

THE CINCINNATI AND CHICAGO AIR LINE RAILROAD COMPANY
v. McCOOL.

COMMON CARRIERS.—RAILROADS.—Suit to recover the value of goods shipped by railroad from Cincinnati to Kokomo. The goods were safely carried to Kokomo, and, the consignee not being present to receive them, were there stored in the company's warehouse, which was reasonably secure. During the night, the goods were destroyed by some unknown person, who entered the warehouse through a grain-shoot.

Held, that the liability of the railroad company as a common carrier was terminated when the goods were discharged from the cars and stored in the warehouse.

Held, also, that as ordinary care was exercised in the keeping of the goods, the company was not liable for the loss.

APPEAL from the *Howard* Circuit Court.

GREGORY, C. J.—This case was submitted to the court below on an agreed statement of facts. Finding for the plaintiff, motion for a new trial overruled, and judgment. The evidence is in the record. The defendant, at the time &c., was a common carrier from *Cincinnati* to *Kokomo*. In *October*, 1864, the appellant received at the former, for transportation to the latter place, a barrel of whisky, the property of the appellee, of the value of $229 92. It was transported over the line of appellant's railroad by the regular freight train. The train arrived at *Kokomo* at eight o'clock in the evening, the usual and regular hour for the arrival thereof. The appellee resided in, and was at the time engaged in business at, the latter place. He was not at the depot on the arrival of the train, and the agents of the railroad company stored the whisky in the company's warehouse, situated on the side track of the road, at the station, as had been the practice and usage of the company for years, in such cases. No notice was given to the plaintiff of the arrival of the property, nor had he any such notice in fact, nor did he call at the warehouse to receive the same. The warehouse was securely locked and fastened, and left for the

night. During the night, some person, to the parties unknown, crawled through a grain-shoot constructed in the warehouse, and with an auger bored through the barrel, whereby the whisky was lost. The whisky was received at the depot in good order, and the warehouse was reasonably secure and safe.

After the whisky was discharged from the cars and placed in the warehouse of appellant, the liability was that of a warehouseman, and not that of a common carrier. *Bansemer et al.* v. *The Toledo and Wabash R. R. Company*, 25 Ind. 434.

Under the facts the appellant is not liable for the loss of the whisky. Ordinary care was all that the law required. The court below erred in overruling the motion for a new trial.

The judgment is reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*E. Walker*, for appellant.

*N. R. Linsday* and *J. A. Lewis*, for appellee.