THE GREEN AND BARREN RIVER NAVIGATION COMPANY
*v.* MARSHALL.

COMMON CARRIER.—*Reshipment of Freight.*—A common carrier who undertook to transport freight by steamer to a designated point, but terminated his voyage at an intermediate port, and reshipped such freight on the·

steamer of another carrier, was liable to the owner for its loss, where the second carrier could not find the consignee at the place where the freight was to be delivered, and, because there was no safe place of storage there, returned it to the port where the reshipment was made, and there stored it in a proper warehouse, which, with the freight, was soon after accidentally destroyed by fire.

SAME.—*Duty of in Case of Inability to Deliver Freight.*—When a delivery can not be made at the point of destination, such prudent care of the goods and their diligent and safe delivery, with notice to the consignee or owner, as best comports with the interests of the owner, according to the circumstances, will excuse the carrier; but it devolves on the carrier to allege and prove such matter of excuse.

From the Vanderburgh Common Pleas.

*B. Hynes*, for appellant.

*A. Dyer*, for appellee.

BIDDLE, J.—Suit brought by the appellee against the appellant as a common carrier, for the value of certain goods alleged to have been lost. The complaint shows that the goods were shipped on the 10th day of November, 1870, at Calhoun, in Kentucky, on board the appellant's steamer, " Evansville," to be delivered to H. Jones, consignee, for the appellant, at Anderson's Landing, in Tennessee. The answer was in two paragraphs:

1. General denial.

2. As follows: For further answer, the defendant says that she admits the making of the bill of lading as averred in the complaint, and says that in pursuance of the terms thereof, she brought the property therein described to the port of Evansville, Indiana, which was the port on the Ohio river to which said steamer Evansville ran, she being employed in running between the city of Evansville and Bowling Green, in the State of Kentucky, and never going further down the Ohio river than the said port of Evansville, which was well known to the plaintiff at the time he shipped said goods; the said plaintiff also well knowing that the said goods would be reshipped at Evansville upon some other boat to be carried to their destination. And defendant says that, having brought said goods safely without delay to the said port of Evansville,

they were reshipped on board the good, staunch steamer Norman, to be transported to Anderson's Landing, in the State of Tennessee; that the said steamer Norman, with said goods on board, proceeded without delay to the said Anderson's Landing, in Tennessee, and there landed, and endeavored, by making diligent search and inquiry, to find the said H. Jones, the consignee of said goods, or some one authorized by him to receive said goods, but failed to find either the one or the other. There being no suitable or safe place at said Anderson's Landing in which to store said goods, [the defendant] kept said goods on board and returned with them without delay to the port of Evansville, Indiana, and deposited them safely and in good order upon the wharf-boat of Humphrey, Lewis & Co., they being responsible persons and said wharf-boat a safe and suitable place, until such time as the owner or consignee might be found or communicated with; and whilst said goods were so stored, and whilst the defendant, by her agents, was diligently endeavoring to notify the shipper of said goods of the failure of the consignee to receive them, the said wharf-boat, without the fault or negligence of the defendant, or any one in her employ, took fire and was consumed, together with the goods of the plaintiff; by reason whereof, and for no other reason, the defendant failed as alleged to deliver said goods as she undertook to do by said bill of lading."

To this paragraph a demurrer was filed and sustained, for want of sufficient facts. This ruling is the only question in the case.

The appellant had no right to reship the goods on the steamer Norman without actual necessity required it. When a reshipment of goods is made by a common carrier without authority, and the goods are afterward lost, even by the act of the state's enemies, he will not be excused from liability. In *Trott v. Wood*, 1 Gallis. 443, merchandise was shipped by packet, at Providence for New York, and reshipped at Newport by another packet, which was captured in her passage down the Sound by a British squadron, and the goods thereby lost; it was held that the carrier was not excused. Neither the cus-

tom or usage of trade nor parol evidence will be allowed to vary a bill of lading in this respect. *Trott* v. *Wood, supra,* and *May* v. *Babcock,* 4 Ohio, 334. And where reshipment is stipulated for in the bill of lading, it will not relax the liability of the common carrier for the non-delivery of the goods. *Little* v. *Semple,* 8 Mo. 99, and *Cassilay* v. *Young,* 4 B. Mon. 265.

When a common carrier, after reasonable inquiry and search, can not find the consignee or owner, or any one authorized to receive the goods at the point of delivery, his duty will be somewhat varied by circumstances. In such cases, he may store the goods with a responsible warehouseman, at the place, and give notice as soon as practicable to the owner or consignee; or he may retain them until a delivery can be had there, or at some safe place nearest to their destination. Angell Car. 291; *Ostrander* v. *Brown,* 15 Johns. 39; *Fisk* v. *Newton,* 1 Denio, 45; and *The Western Transportation Company* v. *Barber,* 56 N. Y. 544.

From a review of the authorities, and upon principle, we are of the opinion that when a delivery can not be had at the point of destination, such prudent care of the goods, and their diligent and safe delivery, with notice to the consignee, at such point as best comports with the interests of the owner, according to the circumstances, will excuse the carrier. We must know the geography of the country, but we can not know, without the averment of facts to show us, that a wharf-boat at Evansville, in the State of Indiana, was the proper place, according to the best interests of the owner, to deliver goods which could not be delivered at Anderson's Landing, in the State of Tennessee. For the want of a proper averment of these facts, and as the reshipment will not excuse the first carrier from liability, we are of opinion that the second paragraph of the appellant's answer is insufficient. *The American Express Co.* v. *Fletcher,* 25 Ind. 492; *The American Express Co.* v. *Stack,* 29 Ind. 27; *The Cincinnati and Chicago Air Line R. R. Co.* v. *McCool,* 26 Ind. 140; and *The Pittsburgh, Cincinnati, and St. Louis R. R. Co.* v. *Nash,* 43 Ind. 423.

The judgment is affirmed.