## The Lake Shore and Michigan Southern Railway Company *versus* Hodapp.

Where a box improperly directed was delivered to a railroad company for transportation and was safely carried to its destination, and there, after having been securely kept for two months, and due diligence exercised to ascertain the consignee, was delivered, by reason of the improper direction, to the wrong person, the company was not liable for the loss.

October 18th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Erie county :* Of October and November Term 1875, No 134.

Assumpsit by Leopold Hodapp against the Lake Shore and Michigan Southern Railway Company, to recover the value of a chest or box delivered to the defendant as a common carrier, which the plaintiff alleged was lost by reason of a want of ordinary care on the part of defendant.

On the trial it appeared that the wife of plaintiff, about the 10th of September 1870, took the box to an agent of the defendant in New York, and delivered it to him to be forwarded to Erie, Pennsylvania, giving to him, for the purpose of marking the box, the name and address "Leopold Hodapp, Erie, Pennsylvania." It being after the hours for shipping, the agent was unable to give her a receipt, saying that he would give her one in the morning if she would call, which she was prevented from doing by her immediate departure for Erie to join her husband.

The agent, or whoever marked the box, marked it "Leopold Hotelfa, Erie, Pennsylvania." The way bill from New York to Buffalo, was marked "Leopold & H." which at Buffalo was changed by the agent to make it correspond with the marks on the box to "Leopold Hotelfa."

The box arrived in due time at Erie, and the plaintiff applied for it in his own name at the freight depot of the company, but no box with that name thereon could be found. The box remained at the depot of the company for about two months, when it was delivered by the agent to Christian Leopold, who was then keeping a hotel in Erie, at which he was in the habit of receiving immigrants and their baggage, the officers of the company testifying that not being able to find any owner by the mark on the box, they had concluded that the mark thereon meant "Leopold's Hotel," and was sent there to await the arrival of some party who was to come to the hotel. Leopold, it appeared, kept the box unopened, until June 1871, when it was opened in Titusville, to which place Leopold had moved, and the contents, which he alleged were of no value, thrown away.

Hodapp made repeated inquiries for his box at the freight depot of the company, and subsequently Mrs. Hodapp, having discovered at the office of the company in New York, that the box had been

[Lake Shore and Michigan Southern Railway Co. *v.* Hodapp.]

marked " Leopold Hotelfa," Hodapp, upon application in that name for the box, was informed that it had been delivered as above to Christian Leopold.

The plaintiff alleged that the box contained clothing and tools to the value of $250.

At the trial, Vincent, P. J., inter alia, charged the jury :—

" It is not contended that the defendant is liable as a common carrier, or for extreme care, but only as a warehouseman, or for ordinary care.

" The defendant contends that they did use ordinary care, and that they were justified in delivering this box to Leopold, he being at that time in the habit of receiving and caring for such baggage, and a responsible man, and that having kept it so long as it was kept in the depot, it was not in any way negligent in delivering it to Leopold on such an address as was upon it.

" [This is a question of ordinary care, and taking all the circumstances together we are not clear upon this point, but we will for the purpose of this suit, charge you that the delivery to the wrong person was a want of ordinary care and at the risk of the defendant."]

The verdict was for the plaintiff for $150, and judgment was entered thereon. The defendant took this writ, among other errors, assigning the foregoing portion of the charge in brackets.

*J. W. Wetmore*, for plaintiff in error.—The box was received for immediate delivery and having been kept in the delivery room for two months, it had been held for a reasonable time and the company as a carrier was justified in delivering it to a proper warehouseman to be kept for the owner. Leopold being a responsible hotel keeper near the freight house, whose business and custom it was to take charge of such baggage, was a proper warehouseman to whom to deliver the box : Fisk *v.* Newlin, 1 Denio 45.. Due inquiry failed to discover Hodapp, but pointed to Leopold's Hotel as the consignee, as indicated by the direction on the box.

*G. A. Allen*, for defendant in error.—Where there has been an actual delivery of goods by the warehouseman to a third person by mistake, the warehouseman is liable for the goods, and any attempt to show he exercised ordinary care and prudence will not avail him. Such delivery to a third person overrides all such grounds of excuse and charges the warehouseman, and although the delivery may have been entirely by mistake as to the person and under the supposition that he was the true owner, he will none the less be in default : Lichtenhein *v.* Boston & Providence Railroad Co., 11 Cushing 70.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

[Lake Shore and Michigan Southern Railway Co. *v.* Hodapp.]

We have examined this case with care and find no error, except in that part of the charge where the court say, "This is a question of ordinary care, and, taking all the circumstances together, we are not clear upon this point, but we will, for the purpose of this suit, charge you that the delivery to the wrong person, was a want of ordinary care and at the risk of the defendant." This would be correct had the directions on the box been such that by the exercise of ordinary care the agents of the defendant might have known they were making a wrong delivery in committing it to the care of the proprietor of "Leopold's Hotel."

Under the circumstances of this case, however, it cannot be said, as a matter of law, that they *should* have known this fact. The box was marked "*Leopold Hotelfa ;*" it had come through from New York under that direction ; it had lain in the defendant's warehouse some two months, during which time, according to the testimony produced by the company, no inquiry was made for it, whilst, on the other hand, the officers had made repeated inquiries for the consignee. Under this condition of things, nothing was more natural than to suppose that the direction was intended for "Leopold's Hotel," and that it was thus consigned to await the arrival of some German immigrant who, in his ignorance of the English language, had written, or caused to be written, "*Hotelfa*" for "Hotel." This view of the matter was strengthened by the fact that Leopold was accustomed to receive consignments of this kind. Whether this view of the case be right or wrong, strong or weak, is not for us, as it was not for the court below to say, but for the jury. If, however, from all the evidence, that body should find that the improper direction contributed to the mistake of the railroad officers, the verdict ought to be for the defendant.

Judgment reversed and a *venire facias de novo* awarded.