# Walsh *v.* Adams Express Company.

*Common carrier—Negligence—Express company—Failure to give correct address—Province of court.*

An express company is bound to use due and reasonable diligence in the care and delivery of an article entrusted to it; but where an affidavit alleges that owing to plaintiff's negligence defendant was unable to deliver the package to the consignee at the address given by the plaintiffs, and the

consignor failed to put his name or address on the package, and that in spite of diligent inquiry the defendant carrier was unable to discover who the consignor was, the court cannot declare as a matter of law that the failure promptly to notify him is negligence.

Argued Oct. 4, 1900. Appeal, No. 31, Oct. T., 1900, by plaintiff, in suit of Mary T. Walsh et al., trading as Phil J. Walsh Estate, against Adams Express Company, from judgment of C. P. No. 2, Phila. Co., discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that plaintiff brought an action to recover the sum of $17.25 with interest from May 10, 1898, to recover the value of certain goods delivered to the defendant company with directions to deliver same to the " Herman Cloak Company, 31 East Broadway, New York," alleging that the same were neither delivered nor returned to the consignors in time to be of any value.

Defendant filed the following affidavit of defense :

That it is true that this company received on May 10, 1898, from the plaintiffs, a package for shipment to the city of New York, addressed to the Herman Cloak Company, 31 East Broadway, though defendant has no knowledge of the contents of said package. That the said defendant duly received in the city of New York said package and took the same for delivery to the said address, 31 East Broadway, New York, but said defendant failed to find at said address the Herman Cloak Company, and although diligent search was made in the vicinity for such a company, no company bearing such a name was discovered ; that thereupon the said defendant sent through the United States mails a notice addressed to the said Herman Cloak Company, at 31 East Broadway, New York, requesting them to call for said package, but no response was made thereto ; that defendant further examined a directory of the city of New York for the purpose of ascertaining the address of said Herman Cloak Company, but the name of no such company or address appeared in said directory.

Upon its failure to discover the address of the said Herman Cloak Company, or to deliver the goods as aforesaid, the defendant would have been prepared to notify the consignor to take back the same, but there was no address upon the package, and in spite of diligent inquiry, the said defendant was unable to discover who the consignor was.

The court below discharged the rule for judgment. Plaintiff appealed.

*Error assigned* was in discharging the rule for judgment for want of a sufficient affidavit of defense.

*John F. Gorman*, for appellant.—The points upon which plaintiffs base their claim for judgment are :

1. Defendant nowhere avers that upon its failure to find the consignee it took the goods, stored them, and held them for plaintiffs as it was its duty to do.

2. Defendant nowhere avers that upon failure to find the consignee, it took the goods, stored them, and notified the consignor as plaintiffs believe it was its duty to do.

The burden is cast upon the carrier to show that there was no negligence upon its part; that everything in its power, and which it was its duty to do was done ; in other words, it must so explain the loss, destruction or nondelivery of the goods as to entirely exonerate itself from any blame: Buck v. Penna. R. Co., 150 Pa. 170 ; Schaeffer v. P. &. R. R. R., 168 Pa. 209.

It is apparent from the affidavit that its full duty has not been done, and it must be held chargeable as a carrier with negligence, and judgment should have been entered for plaintiff on rule : Conkey v. R. R., 31 Wis. 619, 637 ; Hasse v. Exp. Co., 94 Mich. 133 ; 34 Am. St. Rep. 328.

Was the plaintiff bound to place its address on the outside of the package, and was the defendant justified in not giving notice to the shipper?

Plaintiffs answer that nothing can excuse failure to deliver or misdelivery on the part of a common carrier, except the act of God, the public enemy, or the sole negligence of the consignor, and that in the latter case if there be any negligence whatever upon the part of the common carrier, the negligence of

the consignor will not avail as a defense in case of the loss of the goods. Authority for this proposition is found in the case of McCarthy v. Louisville & Nashville R. R., 102 Ala. 193; 48 Am. St. Rep. 29.

*B. Gordon Bromley*, with him *Thomas DeWitt Cuyler*, for appellee.—Due and reasonable diligence in cases where the consignee is not found at the particular. house or number, is a question of fact for the jury and not of law for the court: Hutchinson on Carriers, sec. 343.

The degree of diligence must be that which a prudent business man would be expected to use about an important business affair of his own: Whitbeck v. Holland, 45 N. Y. 13; Zinn v. Steamboat Co., 49 N. Y. 442; Hutchinson on Carriers, sec. 343.

The fact that the property was liable to depreciate in value by the fluctuation of the market price will not take the case out of the general rule: Kremer v. The Southern Express Co., 6 Cold. (Tenn.) 356.

PER CURIAM, November 19, 1900:

Owing to the plaintiff's negligence, the defendant was unable to deliver the package to the consignee at the address given by the plaintiffs. And if the facts averred in the affidavit of defense be established, it surely cannot be contended that the court could declare as matter of law that the defendant did not use due and reasonable diligence in its efforts to find the true address of the consignee. When a shipment arrives at its destination, and inability to deliver arises from lawful cause, it is not the law that the carrier is bound promptly to redeliver the shipment to the consignor, and cannot set up any excuse for its failure to do so. It is undoubtedly bound to use due and reasonable diligence in the care of the article. But if the consignor, for his own reasons, sees fit not to put his name or address on the package, and, in spite of diligent inquiry, the carrier is unable to discover who the consignor was, which is the allegation here, the court cannot declare as matter of law that the failure promptly to notify him is negligence. Granting that the defendant would be liable if it did not use due and reasonable diligence to notify the plaintiffs, negligence in that regard is not to be presumed from the admitted or undisputed

facts of the case as it is now presented.   It follows that even if the case can be distinguished from Corry v. R. R., 194 Pa. 516, and the affidavit of defense law applies to it, the court committed no error in refusing to enter judgment for the plaintiff.

The appeal is dismissed at the costs of the plaintiff, but without prejudice, etc.