## Mull, Appellant, *v.* Pennsylvania Railroad Company.

*Carriers—Railroads—Sale of coal—Passing of title—Demurrage.*

1. Where an owner of a coal mine sells coal to a customer and loads it on cars at the mine, and it appears that under his contract and the custom of the trade, the title to the coal immediately passes to the purchaser, the seller cannot, after the purchaser has refused to receive the coal, and after the railroad company with the consent of the purchaser has sold it for demurrage and charges for a sum less than the charges, claim to recover the contract price of the coal from the railroad company, because the latter failed to notify him of the refusal of the purchaser to take the coal.

2. In such a case in the absence of evidence of an exercise of the right to stop the coal in transitu, the seller was not entitled to any notice.

3. Even if he had a right he would on a waiver of the tort be entitled to only what the railroad company received over and above its charges, and as the company did not receive the amount of its charges, the seller could claim nothing.

Argued Oct. 30, 1908.  Appeal, No. 175, Oct. T., 1908, by plaintiff, from order of C. P. Clearfield Co., May T., 1907, No. 313, entering judgment for defendant non obstante veredicto in case of R. H. Mull v. Pennsylvania Railroad Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ.  Affirmed.

Assumpsit for value of a shipment of coal.  Before A. O. Smith, P. J.

The opinion of the Superior Court states the facts.

Verdict for plaintiff for $176.04.

The court subsequently made an order entering judgment for defendant non obstante veredicto.

*Error assigned* was the order of the court.

*David L. Krebs*, with him *A. M. Liveright*, for appellant.— The consignor, notwithstanding the loading of the car and the delivery to the carrier, has a right of stoppage in transitu, because there was no actual possession of the coal in the consignee, possession having been refused: Jenks v. Fulmer, 160 Pa. 527; 4 Elliott on Railroads, secs. 1539, 1541, 1543; Penna. R. R. Co. v. American Oil Works, 126 Pa. 485.

The courts do not agree as to what duty is imposed on the carrier, but it has been decided by most respectable authority that it is the duty of the carrier to notify the consignor of the refusal of the consignee to receive the goods: American Sugar Refining Co. v. McGhee, 96 Georgia, 27 (21 S. E. Repr. 383); American Merchants' Union Exp. Co. v. Wolf, 79 Ill. 430; 2 Hutchinson on Carriers, secs. 720, 721; Wernwag v. R. R. Co., 117 Pa. 46; Lake Shore & M. S. Ry. Co. v. Rosenzweig, 113 Pa. 519; Penna. R. R. Co. v. Stern, 119 Pa. 24.

But the defendant had no right to sell the coal without notice.  The common law regulating the lien of the carrier is no

longer in force in Pennsylvania, and is now regulated by the act of assembly: Rodgers v. Grothe, 58 Pa. 414.

An action either ex delicto or ex contractu will lie. In each form of action the averment of negligence is usual and entirely proper. In either, however, the plaintiff may recover on proof of the breach of duty: Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 135; Phœnix Pot Works v. P. & L. E. R. R. Co., 139 Pa. 284; Buck v. Penna. R. R. Co., 150 Pa. 170; Willock v. Penna. R. R. Co., 166 Pa. 184.

*Hazard Alex. Murray*, with him *Thos. H. Murray* and *Jas. P. O'Laughlin*, for appellee.—Where goods are left with a common carrier to be delivered to the consignee without any qualification or restriction, the consignor parts with all title to the goods and all control over them and cannot by a subsequent direction to the carrier, prevent their delivery to the consignee, unless such facts are shown as will justify the stoppage of the goods in transitu: Schumacher v. Eby, 24 Pa. 521; Phila. & Reading R. R. Co. v. Wireman, 88 Pa. 264; Rickey v. Tutelman, 19 Pa. Superior Ct. 403; Klein v. Patterson, 30 Pa. Superior Ct. 495; Dannemiller v. Kirkpatrick, 201 Pa. 218; Krulder v. Ellison, 47 N. Y. 36.

The carrier is not bound to give the consignor notice of refusal of the consignee to accept: Gregg v. Illinois Cent. Ry. Co., 147 Ill. 550 (35 N. E. Repr. 343); Manhattan Rubber Shoe Co. v. Chicago, etc., R. R. Co., 75 N. Y. St. Repr. 544 (41 N. Y. Supp. 83).

OPINION BY ORLADY, J., February 26, 1909:

The plaintiff sold five car loads of coal, consisting of 150 gross tons at $1.10 per ton, to the Delaware Hardwood Lumber Company, of Trenton, N. J., and consigned the coal by way of the Pennsylvania Railroad Company, from his mine at Philipsburg, Pa., freight charges to follow to the lumber company at Trenton, on September 18 and 19, 1906. After sending bills and trying to locate the Delaware Hardwood Lumber Company by correspondence, the plaintiff, three months later, made inquiry of the defendant, as to what disposition had been made of the coal

and was informed through correspondence with the railroad officials, that a representative of the lumber company had called at the freight office of the railroad company at Trenton, about the time the coal arrived at its destination, and stated that they could not secure a purchaser for it, and suggested that the railroad company take over the coal for company use or dispose of it as best it could. In support of this, a written order was given by the consignee of the coal, authorizing the railroad company to sell it, and, at that time no knowledge that the coal had not been paid for, existed on the part of the railroad company; the coal was sold to pay for the freight and demurrage charges; the railroad company receiving thirty-five cents per ton (plus the freight from the mines to Trenton), so that there remained unpaid $126 on the railroad's claim of unpaid car service and charges. The date of this sale is not given, nor any itemized statement of the charges against the coal.

The facts were developed by the plaintiff through the correspondence with the railroad officials, and which he offered in evidence. This action is in assumpsit, and the plaintiff urges that the letters of the defendant establish the fact that there was a refusal by the consignee to accept the coal, and that the defendant being a common carrier, owed the duty to the plaintiff of notifying him of such refusal, and that having so failed, it was such a nonperformance of its duty as common carrier as would entitle the plaintiff to recover the value of the coal. The defendant offered no evidence and urged that under the pleadings and evidence in the case, the court should direct a verdict in its favor. The case was submitted to a jury, and a verdict in favor of plaintiff was returned, which on motion was subsequently set aside and judgment non obstante veredicto was entered in favor of the defendant.

It is undisputed that the plaintiff was not the owner of the coal at the time of the sale, and that the coal was rightfully in the possession of the railroad company as a common carrier, subject to a lien for freight and demurrage charges. The delivery to the common carrier for shipment was without any qualification or restriction, and, under the authorities, the consignor parted with his title to the coal and to all control over it

at Philipsburg, Pa., there being no evidence to justify the consignor in stopping the coal in transitu. There was no injury done to the coal, and, so far as this case is concerned, it was rightfully sold by the railroad company, to pay its proper charges against it, and this would be true whether there was a refusal or not on the part of the consignee to accept the coal, but in this case, the only evidence on that phase of the subject is that the coal was sold by the railroad company, under the direction of the consignee, for the express purpose of covering these charges: Schumacher v. Eby, 24 Pa. 521; Bacharach v. Chester Freight Line, 133 Pa. 414; Rickey v. Tutelman, 19 Pa. Superior Ct. 403; Klein v. Patterson, 30 Pa. Superior Ct. 495; Dannemiller v. Kirkpatrick, 201 Pa. 218. The right of stoppage in transitu not having been exercised, no title reverted to the plaintiff, hence there was no contractual relation between the plaintiff and the defendant by reason of that duty. The failure to perform the alleged duty of giving notice, is primarily the cause of the action, the conversion of the railroad company being incidental to this nonperformance. Under this state of facts, the basis of the action is not founded upon a contract, either expressed or implied, nor do we feel that it is within the exception pointed out in some authorities in which the plaintiff may waive a tort and sue upon an implied contract.

In all the cases brought to our attention, the right of action, and the right to waive the tort, was in the owner or bailor only, or when the person who sought to be bound was wrongly or tortiously in possession of the property: Sergeant v. Emlen, 141 Pa. 580; Zell v. Dunkle, 156 Pa. 353. The suit in this case waives the tort and ratifies the act of conversion by claiming damages representing the full value of the property, but under the admitted facts the plaintiff would at most be entitled to recover only what the defendant company actually received: Lee v. Gibbons, 14 S. & R. 105; Wagner v. Peterson, 83 Pa. 238. Under the undisputed evidence, the railroad company did not receive, by the amount of $126, their full claim of charges against the freight.

On both phases of the case, the court rightfully entered judgment for the defendant, which is now affirmed.