# Pittsburgh Block Coal Company v. Oliver Coal Company et al., Appellants.

*Contracts—Suretyship—Coal lands—Receipts — Explanation — Evidence—Legal effect of receipt—Admission in pleadings—Excessive verdict—Motion for new trial—Charge of court—Failure to request.*

1. In an action by a lessor of coal lands on a joint bond given by the lessee as principal, and a surety, one of the conditions being for the payment of royalty upon coal actually mined, the controlling question was the effect to be given a certain receipt and the evidence relating thereto. The receipt was given by the plaintiff company to the defendants' president as trustee of insurance money and was in the following form: "Received of [plaintiff's president, naming him] Trustee, One thousand seventy-five Dollars in payment as follows: By direction of Oliver Coal Co. for its account: $376.27 Bal. Nov. 1912 royalty; $344.30 on 1912. Minimum under lease, $279.53 for Jany. 1913 royalty; $75 for boiler tube cleaner." A fire had occurred on the leased premises and the insurance company paid the amount of the loss by check to the joint order of the lessor and lessee, but before the latter would endorse the check it required a trusteeship to be established with the plaintiff's president as trustee. The receipt in question represented the disposition of a part of the insurance money by the trustee. Plaintiff's

president testified that the receipt was given in the office of the president of the defendant company and was drawn up in accordance with the direction of defendant's president, treasurer and general manager, and that the receipt was not intended as a receipt in full, but that at the time it was given there was overdue from the defendant company to the plaintiff $2,600 for coal actually mined. Under defendant's objection the court admitted in evidence a paragraph of plaintiff's statement setting forth that such amount was due for royalties on coal mined, on the ground that the averments of such paragraph were not sufficiently or specifically denied in the affidavit of defense. *Held,* (1) such evidence was properly admitted, and (2) the receipt was not conclusive against the right of the plaintiff to recover, and the case was for the jury and a verdict for the plaintiff will be sustained.

2. In such case it could not be successfully contended on motion for judgment non obstante veredicto that the receipt was, at any rate, in full for all coal mined during the month of November, 1912, and that the verdict of the jury included $500 for royalty on coal mined during that month, and was erroneous to that extent, where it was not clear from the record that the jury included such item in their verdict; if the jury had included such item the proper method for correction thereof was by a motion for a new trial.

3. In such case the complaint cannot be made that the trial judge did not sufficiently instruct the jury as to the proper effect to be given to the receipt where the question of the effect of the receipt did not appear to have been raised upon trial, and it did appear that plaintiff's counsel presented thirteen points for charge but none of them related to the receipt.

4. Assignments of error covering questions not included in the statement of questions involved will not be considered on appeal.

Argued Oct. 16, 1917. Appeal, No. 160, Oct. T., 1917, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 630, on verdict for plaintiff in case of Pittsburgh Block Coal Company, a Corporation, v. Oliver Coal Company, a Corporation, and Maryland Casualty Company, a Corporation. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on bond. Before REID, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,350.67 and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were charge of court and in refusing defendants' motion for judgment non obstante veredicto.

*Arthur E. Young,* with him *Johnston & Rose,* for appellants.—To recover, plaintiff is bound to overcome the receipt by precise and convincing or satisfactory evidence: Harris v. Hay, 111 Pa. 562; Rhoads's Est., 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312; Chapman v. Railroad Company, 7 Philadelphia 204; Hopkins v. Wise, 33 Pa. Superior Ct. 544; Paige v. Paige, 53 Pa. Superior Ct. 311; Daly v. Dallmeyer, 20 Pa. Superior Ct. 366; Cooper v. Cooper, 60 Pa. Superior Ct. 390; Guhl v. Frank, 22 Pa. Superior Ct. 531; Estate of Young, 16 Philadelphia 215; Elliott v. Curry, 1 Philadelphia 281; Saving Fund v. Marks, 3 Philadelphia 278.

The only evidence adduced by plaintiff to overcome the receipt in full was the uncorroborated testimony of its president, who signed the receipt. His testimony was not clear or precise, convincing or satisfactory.

The court erred in failing to instruct the jury as to the legal effect of the plaintiff's receipt.

It was impossible for counsel for defendant at the close of the court's charge, even at the court's suggestion, to have cured the many and manifest errors in the same by requesting further instructions: Reber v. Schitler, 141 Pa. 640; Peirson v. Duncan, 162 Pa. 187; Pennsylvania Canal Co. v. Harris, 101 Pa. 80; Garrett v. Gonter, 42 Pa. 143; Washington Mutual Fire Insurance Co. v. Rosenberger, 3 W. N. C. 16.

*W. A. Griffith,* of *Griffith & Kennedy,* with him *Ralph Strawbridge,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

This was an action of assumpsit brought by the Pitts-

burgh Block Coal Company against Oliver Coal Company and Maryland Casualty Company to recover upon a bond given by defendants, as principal and surety respectively, to plaintiff. The condition of the bond required faithful performance, by the Oliver Coal Company, of the terms of a lease for certain coal property, and the payment of the royalty upon the coal actually mined therefrom. In its amended statement, plaintiff claimed a balance of $2,416.10 for unpaid royalties on coal actually mined under the lease by defendant. Liability was denied upon the ground that all royalty upon coal actually mined had been paid, and certain other defenses were set up, with which we are not here concerned, as they are not included in the statement of questions involved. Upon the trial, requests for binding instructions for defendants generally, and for the surety company separately, were refused, and the case was submitted to the jury, who found a verdict for the full amount of the bond with interest. Defendants have appealed, and their counsel have confined their argument to the effect to be given to a certain receipt, and to the evidence relating to it. The receipt was given by the plaintiff company to Mr. Ewing as trustee of certain insurance money. It was offered in evidence and is as follows:

"Pittsburgh, Pa., 2/18, 1913.

"Received of John K. Ewing, Jr., Trustee, One Thousand seventy-five Dollars in payment as follows: By direction of Oliver Coal Co. for its account: $376.27 Bal. Nov. 1912 royalty; $344.30 on 1912. Minimum under lease, $279.53 for Jany. 1913 royalty; $75 for boiler tube cleaner.

"$1,075.00.                    "PITTSBURGH BLOCK COAL CO.,
                                   "JNO. K. EWING, JR."

Mr. Ewing was president and treasurer of the plaintiff company. On December 1, 1912, a fire occurred on the leased premises, and the insurance company paid the amount of the loss by check to the joint order of lessor

and lessee. Before the latter would endorse the check it required a trusteeship to be established with Ewing as trustee. The receipt in question represented the disposition of a part of the insurance money by the trustee. Ewing testified that it was given in the office of Dr. Johnston, president of the Oliver Coal Company, in the presence of Johnston and of Dr. McIntyre, its treasurer and general manager, and that it was written out in accordance with their directions. Ewing further testified that the receipt was not intended as a receipt in full, but that, at the time it was given, there was overdue from the Oliver Coal Company to the plaintiff company some $2,-600 for coal actually mined. It will be noted that the receipt was not given to the Oliver Coal Company, but was given by plaintiff to Ewing, as trustee of the insurance money, and by way of accounting for the distribution by the trustee of that much of the fund. Nor does the receipt purport to be in full for all royalties for coal mined at the time it was written, but only for the balance of November, 1912, royalty. Counsel for plaintiff offered in evidence the fifth paragraph of its amended statement of claim, which is as follows: "5. That beginning with the month of May, 1912, and ending with the month of January, 1914, both inclusive, the said Oliver Coal Company mined and removed from the said premises a total of 105,702.31 tons of coal, wherein and whereby it became indebted to the plaintiff in the total sum of $10,570.23, at the rate of ten cents per ton; that during the same period said Oliver Coal Company paid to the plaintiff on account thereof the sum of $8,154.13, leaving a balance due of $2,416.10 for coal actually mined." Objection by counsel for defendant to this offer was overruled upon the ground, that this paragraph of the statement was not specifically or sufficiently denied in the affidavit of defense, and the overruling of the objection is not assigned as error. In view, therefore, of what must be regarded as an admission in the pleadings, that $2,416.10 was due for royalties for coal actual-

ly mined, and the fact that the receipt by its terms relates only to the balance of November, 1912, royalty, the trial judge could not properly have ruled that the receipt was conclusive of the right of plaintiff to recover, nor could he have taken the case from the jury.

Counsel for appellants argue that the receipt was, at any rate, in full for all coal mined during the month of November, 1912, and that, as the verdict of the jury included $500 for royalty on coal mined during that month, it was erroneous to that extent. But it is not clear from the record that the jury included in their verdict $500 of unpaid royalty for coal mined in the month of November, and, even if they did, that would be a matter for correction upon a motion for a new trial, and would be no reason for binding instructions in favor of defendants, which would prevent the recovery of any amount by plaintiff. Counsel further contend that, if the receipt be construed as being in full for November, it would also be prima facie evidence that all amounts due for prior royalties had been paid. Conceding this, there was ample evidence, as noted above, to rebut any such presumption.

In several of the assignments of error complaint is made that the trial judge did not in his instructions to the jury give sufficient consideration to the proper effect to be given to the receipt. Whether he did or not, it appears that counsel for defendants presented thirteen points requesting instructions to the jury, and in none of them was any instruction requested in regard to the receipt, its legal effect, or the evidence necessary to overcome it. And when at the close of the charge the trial judge asked counsel if they wished any further instructions to be given to the jury, they said, "no."

The question of the effect of the receipt does not seem to have been raised upon the trial, nor in defendants' motion and reasons for a new trial, which were filed February 8, 1917, but it was first raised in their additional reasons in support of the motion for a new trial filed on

June 21, 1917, more than five months afterward. This matter seems to have been entirely an afterthought, which came too late. In Moyer v. Penna. R. R. Co., 247 Pa. 210, we said (p. 217) : "The remaining assignment alleges error in the instruction given as to the measure of damages. No special instructions on this branch of the case were asked for, and those given were not complained of at the time, though full opportunity was given counsel to indicate wherein in their judgment they came short, or were for any reason unsatisfactory. We are not convinced that any error was committed; the instructions were perhaps open to the criticism that a fuller discussion of the subject by the court might have been helpful to the jury, but this either side could have had upon request. It is too late now to make complaint." And again in Fern v. Penna. R. R. Co., 250 Pa. 487, we said (p. 495) : "The criticism by the appellant as to the insufficiency of the charge on the question of damages cannot be sustained. What was said by the court may not have been entirely adequate but it was not erroneous. The inadequacy of the charge cannot be regarded as reversible error, in view of the fact that in reply to the court's inquiry whether any further instructions were required counsel expressed themselves as fully satisfied with the charge."

Several other assignments of error, which are to portions of the charge, seek to raise questions not included in the statement of questions involved. They were not argued by counsel for appellants, and they call for no consideration here. A careful examination of the record and of all the testimony, has satisfied us that the case was properly submitted to the jury, in a correct and adequate charge, and that the verdict was justified by the evidence.

The assignments of error are overruled, and the judgment is affirmed.