## I. Fineberg *v.* American Express Co., Appellant.

*Common carriers—Express companies—Failure to deliver package—Misdirection.*

An express company is not liable for damages for delay in delivering an express package to a consignee, where the wrong address was given, and evidence is produced at the trial to show that the company made efforts to deliver the package, and had informed the consignor that it could not find the consignee at the address given.

It is the duty of a carrier to deliver the property entrusted to its care at the address given and, when it cannot find the consignee, to notify the shipper of such fact. Having done this the express company is not to blame for failure to get from other sources the information, in regard to the address, which the consignor should have supplied.

Argued Nov. 21, 1918. Appeal, No. 121, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1917, No. 623, on verdict for plaintiff in case of Isaac Fineberg v. J. C. Taylor, as President of American Express Co., a Joint Stock Association. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for delay in delivering an express package. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $262.90 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal to enter judgment for defendant n. o. v.

*William A. Schnader,* and with him *Thomas DeWitt Cuyler,* for appellant.—The defendant company performed its full duty as a carrier: Howard Express Co. v. Wile, 64 Pa. 201.

It was liable only as a bailee without hire: Tomkins v. Saltmarsh, 14 S. & R. 275; Trexler v. B. & O. R. R. Co.. 28 Pa. Superior Ct. 207; Hofford v. N. Y. C. & H R. R. Co., 43 Pa. Superior Ct. 303; Price v. Oswood, etc., R. Co., 50 N. Y. 213; Sword v. Young; 89 Tenn. 126; Winslow v. Vermont, etc., R. Co., 42 Vermont 700.

It could not deliver the package without appropriate instructions: Wernwag & Dawson v. P. W. & B. R. R. Co., 117 Pa. 46.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellee.—The defendant should have exercised ordinary diligence in endeavoring to deliver the package: Hutchinson on Carriers (3d edition), Vol. II, p. 755; 10 Corpus Juris 120; Shenck v. Phila. Steam Propeller Co., 60 Pa. 109; American Union Express Co. v. Robinson, 72 Pa. 274; Union Express Co. v. Ohleman, 92 Pa. 323; The Lake Shore & Mich. Southern Ry. Co. v. Hodapp, 83 Pa. 22.

The defendant was liable as a common carrier: National Steamship Co. v. Smart, 107 Pa. 492; Moyer v. Pa. R. R. Co., 31 Pa. Superior Ct. 563; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184.

OPINION BY TREXLER, J., April 21, 1919:

On October 30, 1916, the French Fur Dyeing Company, of New York City, delivered to the American Express

Company a package addressed to I. Fineberg, 2223 North Front street, Philadelphia. The package was duly forwarded and on the following day was taken to the place designated for delivery but the consignee was not found. On the next day the express company sent notice to the consignor in New York and to the consignee at the address marked on the package advising each that the package had not been delivered. The notice to the consignor requested that he present it to the agent of the express company whose receipt he held, accompanied by written instructions for disposal. I. Fineberg never was in business at 2223 N. Front street. Some months before he was located at 2225 N. Front street but his correct address at the time the package was delivered was 904 Arch street. Instructions from the shipper were not received until the middle of January. There is no contention that the company did not immediately act upon them and deliver the goods. The plaintiff testified that he had telephoned to the express company advising some one in the claim department that a package which he expected from the French Fur Company had not been delivered. He knew nothing as to the misdirection on the package and did not tell the express company that the package addressed to Front street was the one he desired to have but he gave the date of shipment and the name of the shipper. His bookkeeper subsequently called at the defendant's place of business and gave the same information to a clerk. The telephone directory showed that I. Fineberg, furrier, was in business at 904 Arch street, Philadelphia.

The court charged the jury "If you are satisfied by the weight of the credible evidence that the defendant did all that a reasonable, cautious and careful person would do under the circumstances to locate the consignee, the defendant is not responsible for the mistake of the consignor. The defendants do not have to conduct a detective agency or make an elaborate search for a consignee but they do have to use reasonable and ordinary care in making delivery and if they can do it even at a different ad-

dress than that given on the package, the law says it is their duty to do so.  If they fail to do so they are responsible for the consequent damage."  The error in this is that it shifts upon the carrier, the burden of the shipper's mistake.  The carrier is charged to deliver the goods at the destination indicated.  In Howard Express Company v. Wile, 64 Pa. 201, a package was taken to a proper address and no one was present to receive it and a notice to that effect was put under the door.  On the same afternoon an employee of the consignee called for the package but was informed that the delivery clerk was not there, that he should call again.  The package was then lost in an attempt to save it from destruction by fire.  The Supreme Court reversed without a venire the judgment entered on the verdict for plaintiff.  It was there held by SHARSWOOD, J., that the carrier had performed their full duty as carrier and the jury had been properly instructed as to this.  The charge of the lower court was in part, "If the defendants promptly took the package to the place to which it was directed for the purpose of delivery, and no person was present authorized to receive it, the contract of defendants as carriers or forwarders was completed, and after that the defendants were only liable as bailees without hire, viz, for gross negligence."  In the memorandum filed by the lower court in the case before us, no reference is made to this case but reliance is had on a quotation from 10 Corpus Juris 120, in which it is said, "To exempt the carrier from liability the loss must have resulted from the negligent misdirection of the shipper alone, unaided by a breach of duty on the part of the carrier or its agent and if the carrier itself has been guilty of some negligent act of omission without which, notwithstanding the fault of the shipper, the loss would not have occurred, it will be liable."  The language immediately preceding it and not quoted is, "where shipping instructions are not clear, it is the carrier's duty, unless an emergency arises, to hold the goods and ask for instructions from the shipper."  The case cited in sup-

port of the text as to the responsibility of the carrier after an attempt to deliver at the address indicated on the parcel is that of Weaver v. Southern R. Co., 135 Mo. A. 210, 115 S. W. 500. There the consignment was misdirected but the railroad company, instead of consulting the consignor for more definite instructions, ventured to guess as to what destination the shipper intended and proceeded to forward the consignment to a place it presumed to be the right one. Certainly in such a case the carrier would be liable. There was no delivery in the case before us, but the negligence charged is the failure to deliver notwithstanding the wrong address. The law as stated in the opinion in the above-cited case is, "when it becomes obvious to the carrier that an error has been made in directing the goods or in the bill of lading, both good faith and reasonable prudence dictate that the carrier should hold the goods and consult the consignor as to more complete and definite instructions." If the consignor in spite of the notice sent to him failed to give the information as to where and to whom the package was to go, the fault should not be visited on the express company. Between the consignor and the consignee the trouble could have been overcome and the goods promptly delivered had they taken the obvious course open to them. The consignee to advise the consignor of the non receipt of the goods and the consignor to advise the company as to the proper destination, but this course was not pursued and because the telephone message to the company's office and the information given by the clerk of the consignee to the claim department did not result in the prompt delivery of the package, the plaintiff argues that is sufficient to show negligence on the part of the company. The judge who presided at the first trial and entered a nonsuit, correctly held, that the address on the package was given to identify the party to whom the goods were consigned. There is a certain responsibility attaching to the company when it delivers to a place other than the one designated. This is a risk not con-

templated in the contract of carriage. Obviously its duty is performed when it notifies the shipper that it cannot find the consignee at the place of address. It is his part then to supply the information and he cannot pass the blame to the express company for failing to get from other sources the information which it was incumbent upon him to supply.

The cases of L. S. & M. S. Ry. Co. v. Hodapp, 83 Pa. 22, and Walsh v. Adams Express Co., 15 Pa. Superior Ct. 292, cited by the lower court in its memorandum, we do not think have any application to the case before us nor do they bear out the conclusion that after the company carries the package to the destination indicated by the directions therein and is unable to deliver that it is required to institute inquiries and endeavor to secure the correct address.

The judgment is reversed.