## Caps v. American Railway Express.

*Practice, C. P.—Pleading — Affidavit of defence — Conclusions of law—Averment of lack of knowledge—Averment of failure to give notice—Practice Act of 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, the only proper pleading in affidavits of defence is allegation of ultimate facts. But where the plaintiff has not thought it worth while to move, under the 21st section of the act, to strike off averments which are conclusions of law, the court may proceed to consider the defences presented.

2. When the question sought to be raised by the affidavit of defence is whether or not notice of a claim has been given as required by law, it is not sufficient that the affidavit aver that notice was not given as required by law. It must be stated whether or not any notice was given, and if so, when and to whom it was given. A plea or averment must be self-sustaining, and is inadequate when it cannot be told whether it presents a conclusion of law from facts or an averment of facts.

3. It is not sufficient in an affidavit of defence to aver a lack of knowledge or means thereof. The defendant is under obligation to institute inquiries, and unless he has done so, the averments of the statement of claim may be taken as conceded and proved.

*Carriers—Express companies—Refusal of consignee to accept shipment—Notice to consignor — Express receipt—Contract of shipper and carrier — Pleading—Sufficiency.*

4. It is the general rule that an express company carrier, to relieve itself from responsibility as carrier for goods the consignee has refused to accept, must store them and give notice of the fact to the consignor. This rule is accepted by the courts in Pennsylvania.

Mull v. Pennsylvania R. R. Co., 38 Pa. Superior Ct. 416, distinguished.

5. In an action against an express company, an averment in the affidavit of defence that defendant does not know, and has no means of knowing, whether the copy of the receipt attached to the statement of claim is a true copy, but that, if it is a true copy, then the transaction is governed by the uniform express receipt prescribed by the Interstate Commerce Commission, so that the receipt attached to the statement does not give the full contract, whereby it follows that, to recover judgment, plaintiffs are bound to prove the provisions of the uniform express receipt, is insufficient, as the uniform express receipt is based upon an Act of Congress and judicial notice will be taken of its terms.

Action for loss of goods. Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. C. P. No. 2, Phila. Co., June T., 1921, No. 763.

*Samuel W. Cooper*, for rule; *William A. Schnader*, contra.

ROGERS, J., Aug. 7, 1922.—This case was before the court in July, 1921, and was continued in order that the plaintiff might amend his statement, setting forth receipt given by defendants for the goods and the label upon the goods showing the name and address of the consignors. The rule is now renewed.

The statement avers delivery to defendants at Jacksonville, Illinois, of 105 6/10ths yards of woolen goods for carriage and delivery to the Schaffner Corporation at No. 1015 Market Street, Philadelphia; that on tender of delivery by defendants to the consignees on or about Aug. 25, 1920, the same was refused; that on Jan. 11, 1921, the defendants mailed a notice of this refusal to plaintiffs, consignors, addressing the notice to Jacksonville, Florida, instead of to Jacksonville, Illinois; that this notice was transmitted by a recipient of similar name in Florida to the plaintiffs and received by them in Illinois on Jan. 15, 1921; that the said notice from the defendants added that the goods were being held subject to the order of the plaintiffs; that, nevertheless and contrary to the notice, the goods were not so held, but were delivered to the receiver in bankruptcy of the consignee on Jan. 8, 1921, to the loss and injury of the plaintiffs, who claim from the defendants the value of the goods, alleged by them as $317.25, with interest from the said Jan. 8, 1921.

The defendant filed affidavits of defence, in which it alleges: (1) The statement does not allege the exercise by the plaintiffs of the right of stoppage in transitu. (2) Nor that the plaintiff was owner after delivery to defendant. (3) Nor does it set out any breach of duty owing by defendant to plaintiff, the affidavit of defence averring that the delivery to the receiver was at the request of the consignee. (4) The statement does not allege that plaintiffs knew of the bankruptcy of the consignee, and without that knowledge could not have exercised the right of stoppage in transitu. (5) The defendant avers negligence in plaintiffs in not seeking to learn the disposition of the shipment nor why it had not been paid, by which negligence they contributed towards their loss. (6) Plaintiffs, if entitled to any recovery in this action, can claim only the difference between a dividend from the receiver's estate and the value of the goods. And supplementing these defences in further affidavit defendant (1) denies indebtedness of $317.25, or any part thereof, and denies that it lost the goods. (2) Avers lack of knowledge of the contents of the shipment, and, therefore, denies that the shipment consisted of 105 6/10ths yards of woolen goods, and denies any agreement other than in the express receipt. (3) Again avers delivery to the receiver at the request of the consignee. (4) Denies negligence in delivery to the receiver, and denies duty to notify the consignor of the consignee's refusal of the goods. Repeats the denial of the value of $317.25. (5) And denies that $317.25, with interest, is due plaintiffs by defendant. (6) Denies any liability to plaintiffs. (7) Avers that it has no knowledge, or means of knowledge, that the alleged copy attached to the statement of the express receipt is a true copy, and, therefore, denies that it is such. And avers that if the document is a true copy, then the receipt is subject to the United States Interstate Commerce Commission express receipt, so that by itself it does not give the full contract, whereby it follows, avers the defendant, that to recover judgment the plaintiffs were bound to prove the provisions of the uniform express receipt. (8) The plaintiffs in their amended statement having averred that the express package, when shipped, bore a label, as recited in the statement, showing the address of the consignor, the defendant avers that it has neither information nor means of learning the truth of this averment in the statement, and, therefore, denies the same. (9) The plaintiffs having averred that no notice had ever been received by them from any one of the rejection of the shipment in question by the consignee until the receipt from the defendant of the misdirected postal card on Jan. 11, 1921, the defendant avers a lack of knowledge, or means of knowledge, on the subject

2 D. & C.

of the paragraph, and, therefore, denies plaintiffs' said averment. (10) The defendant avers that upon the consignee's bankruptcy title to the shipment passed to the receiver, and, therefore, that delivery to the receiver was delivery to the consignee. (11) The plaintiffs having failed to exercise their right of stoppage *in transitu*, their right in the goods passed to the consignee. (12) The shipment was made subject to the uniform express receipt, requiring claim by the shipper within four months after delivery or after a reasonable time therefor had elapsed. (13) Repeats the four-month limitation as applicable where delivery was to the receiver. (14) And, finally, avers again that if damage is recoverable, it is limited to the value of the goods at Philadelphia on Jan. 8, 1921, when they were delivered to the receiver of the consignee, less the dividend recoverable from the bankrupt estate of the consignee. (15) Denies any liability to the plaintiff.

Some of these averments in the affidavits of defence are conclusions of law, whereas the only proper pleading is allegation of the ultimate facts: Amram's Practice Act of 1915 (2nd ed.), 37. The plaintiff has not thought it worth while, however, to move to strike off any paragraphs under section 21 of the Practice Act of May 14, 1915, P. L. 483. Taking up these averments in the affidavits of defence: The failure of the plaintiffs to exercise the right of stoppage *in transitu* is irrelevant under the weight of authority. In Hutchinson on Carriers (3rd ed., 1906), 721, it is said that the better opinion is that the carrier, on refusal of the goods by the consignee, would be bound to presume that the consignor was still the owner, and that to relieve himself from his responsibility as carrier, it would be necessary for him to store them, either in his own warehouse or with some responsible warehousemen, and to give notice of the fact to the consignor: Hutchinson on Carriers, 685, note, page 720; 38 Pa. Superior Ct. 416; 15 Pa. Superior Ct. 292. See The Eddy, 5 Wall. 481; The Green, etc., Nav. Co. v. Marshall, 48 Ind. 596.

Moore on Carriers (2nd ed., 1914), 31, does not discuss this point, but seems to assume that the carrier must notify the consignor. 10 Corpus Juris, under Carriers, page 270, par. 387, agrees with Hutchinson as to the better opinion, but cites a Pennsylvania case as to the contrary. This case is Mull v. Pennsylvania R. R. Co., 38 Pa. Superior Ct. 416, holding that where title passed to the consignee by the shipment, the consignor ceased to have interest in the goods and was not entitled to notice of the consignee's rejection. An examination of the case cited shows, however, that it is taken too strongly by the writer in Corpus Juris. The consignee there had not, after all, made a full rejection of the goods; for while he did refuse to receive them, he exercised acts of ownership, giving the railroad company a written order authorizing it to sell the commodity—"coal." The tone of other Pennsylvania cases is in harmony with Hutchinson and with Moore. See Walsh v. Adams Express Co., 15 Pa. Superior Ct. 292; Fineberg v. American Express Co., 71 Pa. Superior Ct. 407. See, also, Alabama Great Southern R. R. Co. v. McKenzie, 139 Ga. 410 (1912); Robb v. American Railway Express Co., 78 Pa. Superior Ct. 1. In the last cited case, Keller, J., said: "The shipments in suit were to points outside the State. They were, therefore, interstate in character and are governed by the Federal laws regulating interstate commerce. The Act of Congress of Feb. 24, 1887, ch. 104, par. 20, 24 Stat. at L. 386, as amended by Acts of June 29, 1906, ch. 3591, par. 7, 34 Stat. at L. 595, March 4, 1915, ch. 176, par. 1, 38 Stat. at L. 1196, and Aug. 9, 1916, ch. 301, 39 Stat. at L. 441, Barnes's Federal Code, par. 7976, U. S. Comp. Stat. 8604a, provides that the carrier shall be liable to the lawful holder of the receipt or bill of lading—in this case the plaintiff—for the loss, damage or injury caused

by it, etc., to the property received for transportation, and suit may be instituted against the carrier by such holder: Adams Express Co. v. Croninger, 226 U. S. 491."

This in effect answers the averments of the defendant, Nos. 2, 3, 4, 5, 6 of his original affidavit, and 1, 3, 4, 5, 10, 11 and 15 of the amended affidavit of defence.

The defendant, moreover, in paragraphs 2, 7, 8 and 9 of his supplemental affidavit, avers lack of knowledge or means thereof as the said paragraphs indicated. The defendant is under the obligation, however, to institute inquiries, using all sources whence he can possibly get information, and unless he has done this, the averments in the statements of claim may be taken as conceded and proved. See Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Franklin Sugar Refining Co. v. Hanscom Bros., 273 Pa. 98; Pittsburgh Coal Co. v. Oliver Coal Co., 259 Pa. 290.

Paragraph 7 of defendant's affidavit avers that the plaintiff's express receipt, being subject to the uniform express receipt under the Interstate Commerce Commission, is insufficient as not presenting the whole contract, in that the uniform receipt must be proved by the plaintiffs. This objection is not well founded. So far as the uniform express receipt is based on Act of Congress, it is matter of judicial notice: 15 Ruling Case Law, 1064; United States v. Percheman, 7 Peters (U. S.), 51. So far as it is based on the regulations of the Interstate Commerce Commission, the same rule holds: 15 Ruling Case Law, Article Judicial Notice, par. 41; Caha v. United States, 152 U. S. 211. See, also, 15 Ruling Case Law, 1122. It may be observed, too, that the defendant in its affidavit of defence displays that it shares in common with the mercantile world a full knowledge of the provisions of the Interstate Commerce Commission receipt.

The defendant avers further in his paragraphs 12 and 13 that the uniform express receipt requires that the claim of loss must be presented in writing to the carrier within four months after delivery or after a reasonable time for delivery shall have elapsed.

The ruling of the commission as to time is as follows: Conference Rulings, § 510, June 21, 1917: "Modifying conference ruling 456. It is the view of the commission that the provision in the uniform bill of lading requiring that claims for loss, damage or delay must be made in writing within a specified period is legally complied with when the shipper, consignee or the lawful holder of the bill of lading, within the period specified, files with the agent of the carrier, either at the point of origin or the point of delivery of the shipment or with the general claims department of the carrier, a claim, or a written notice of intended claim, describing the shipment with reasonable definiteness. (See G. F. & A. R. v. Blish Milling Co., 241 U. S. 190);" 1 Watkins on Shippers and Carriers (3rd ed.), 788.

The precise language of defendant's averment as to this is as follows: "Further answering, defendant avers that if delivery to the receiver of Schaffner & Co. was not a delivery to the consignee, the plaintiff failed to make claim in writing within four months after a reasonable time for the delivery of the said shipment to the consignee had elapsed."

This plea or averment is inadequate. Whether it is a conclusion of law from facts, or altogether an averment of fact, cannot be told from its language; and whether any notice at all was given of claim by the consignor, if some notice was given, then when, to whom, etc.—nothing of this character appears in the averment. The plea or averment must be self-sustaining.

Rule absolute.