## Rickey, Appellant, v. Tutelman.

*Vendor and vendee—Delivery—Common carrier.*

Where a vendor without any qualification or restriction leaves goods with a common carrier to be delivered to the vendee, the vendor parts with the goods, and the vendee is bound to pay him for them; and if the goods are injured while in the hands of the carrier, he must look to the carrier for damages for the injuries sustained.

Argued Dec. 16, 1901. Appeal, No. 264, Oct. T., 1901, by plaintiffs, from order of C. P. No. 3, Phila. Co., Sept. T., 1901,

404      RICKEY, Appellant, *v.* TUTELMAN.

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

No. 1786, discharging rule for judgment for want of a sufficient affidavit of defense in case of James Walter Rickey and William Henry Rickey, trading as The Economic Manufacturing Company v. Harry Tutelman, Nathan Tutelman, William Tutelman and Nathan Faggen, trading as Tutelman Brothers & Faggan. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Trevor T. Matthews*, for appellants.—A delivery of goods to a carrier in pursuance of a contract of sale or lien is a delivery to the vendee or creditor, so far as to pass the title intended: Schumacher v. Eby, 24 Pa. 521; Phila., etc., R. R. Co. v. Wireman, 88 Pa. 264; Bacharach v. Chester Freight Line, 133 Pa. 414; Pittsburg Glass Co. v. Doubleday, 2 Pa. Superior Ct. 170; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Trenton Rubber Co. v. Small, 3 Pa. Superior Ct. 8.

*Clinton O. Mayer*, with him *Joseph L. Greenwald*, for appellee.

OPINION BY BEAVER, J., February 14, 1902:

The plaintiff's statement and the exhibits attached thereto set forth the following facts: Plaintiff wrote defendants July 11, 1901: "Regarding Hagen starcher will state that we have at present on hand one which was in our place, when your Mr. Tutelman was here. We will quote as it is this at $70.00 net cash," to which defendant replied, July 12, 1901: "You can also send us the Hagen starcher by freight." The statement then avers: "and thereupon, said plaintiffs properly addressed said machine to defendants in the city and county aforesaid

and delivered into the custody and control of a freight agent the said machine in the same order and condition as it was, when inspected and examined by said defendants. The said delivery was made, without any qualification or restriction whatever and said freight agent gave therefor a bill of lading, which bill of lading on or about July 15, A. D. 1901, was forwarded, through the mail to said defendants in an envelope properly and correctly addressed with the plaintiffs' name and residence plainly printed on the face thereof, and same has not been returned to plaintiffs." None of these averments are denied in the affidavit of defense. The defendants' answer thereto in the affidavit of defense is " that defendants learned through their drayman that a lot of iron was at the depot intended for defendants ; that upon the same day defendants received a letter from plaintiffs, notifying them that they had sent a starcher to defendants ; defendants, immediately upon receiving this notice from their drayman, instructed their foreman to go to the railroad station to examine the machine ; and, upon his going there and examining same, he reported that said machine was not a machine at all but simply broken up into a lot of iron and not fit for anything but junk." Not only is a delivery of personal property, generally, by the consignor to a common carrier a delivery to the consignee, but in this case the delivery to the common carrier was made by specific direction of the vendee. " Where goods are left with a common carrier to be delivered to the consignee, without any qualification or restriction, the consignor parts with the goods and all control over them and cannot, by a subsequent direction to the carrier, prevent their delivery to the consignee, unless such facts are shown as will justify the stoppage of the goods in transitu : " Phila., etc., R. R. Co. v. Wireman, 88 Pa. 264.

The statement avers here that the delivery to the carrier was without qualification or restriction. There can be no doubt, therefore, that the property vested in the vendee at the time of its delivery to the carrier. The statement avers that the machine was shipped in the order in which it was, when one of the defendants saw it. If it was, therefore, " broken up into a lot of iron and not fit for anything but junk," so far as the averments of the statement and affidavit are concerned, it must have occurred in the hands of the carrier, who became respon-

sible therefor to the defendant and not to the plaintiff. The sale being complete, in accordance with the contract and delivery, the defendants were bound to pay the contract price and hold the carrier for damages sustained by the breakage of the machine in transitu.

The sending of the bill of lading is specifically averred. There is no denial that it was so sent, although not received. This is immaterial, however, in our view of the case, as the defendants would have been entitled to the property, upon the payment of the freight, and there was no allegation that the carrier refused to deliver. We think the affidavit was insufficient and that the plaintiff was entitled to judgment. The order of the court, discharging the rule for judgment for want of a sufficient affidavit of defense, is, therefore, reversed and the record remitted to the court below, with directions to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.