Opinion by
Head, J.,
The wife of the defendant, who was a merchant in DuBois, Pa., selected and bought at the store of the plaintiff, a merchant in Philadelphia, the goods for the price of which this action is brought. She directed that the merchandise bought be delivered by the plaintiff to the Adams Express Company in Philadelphia for transportation to DuBois. These directions were followed, but when the package arrived at destination it was found that the paper wrapping had been torn or destroyed in part and the contents, articles of wearing apparel, light in color, had become soiled and damaged. The defendant therefore refused to receive them from the carrier and later declined to honor the plaintiff’s demand for their price; hence this suit.
The single question for our consideration, raised by' this record, is the correctness of the ruling, made by the learned court, in refusing to permit the defendant to prove, by the local agent of the express company at DuBois, that “he received the package of coats; that they were bound up in plain paper and tied around with a cord, — which it is alleged was a negligent and careless manner of packing them; that when received at DuBois the coats were covered with dirt and smoke and stuff that was in the cars and from the trucks from the passage from Philadelphia to DuBois.”
Upon what theory, known to the law, could these facts, even if admitted in evidence, amount to a defense to the plaintiff’s' claim for the price of the goods? His contract was complete when he delivered the goods to the carrier in Philadelphia and he could recover their price even if they had never reached their destination: Com. v. Hess, 148 Pa. 98; Dannemiller v. Kirkpatrick, 201 Pa. 218; Rickey v. Tutelman, 19 Pa. Superior Ct. 403; United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170.
*385 The testimony offered did not relate or purport to relate to the condition of the package as it was delivered to the carrier at Philadelphia. The agent at DuBois had and could have no knowledge on that subject. The mere fact that the package was in bad condition when it reached its destination, exhibiting damage from smoke and dirt from the cars and trucks of the carrier, who was the agent of the defendant for delivery, raised no presumption of failure of duty on the part of the plaintiff. If it tended to prove anything it would tend to fix, prima facie at least, negligence on the carrier which, for the purposes of this case, would be the negligence of the defendant himself.
True, a carrier may, for its own protection, establish reasonable regulations as to the manner in which goods must be prepared for shipment, and if a shipper would fail to observe such regulations, the carrier might lawfully refuse to receive the package for carriage. But we have no such question to deal with, nor have we a case where goods, of a particularly fragile or perishable nature, are so packed or marked as to indicate to the carrier that they need not be handled with more than ordinary care or celerity. We have simply a case where the defendant neither proved nor offered to prove any act or default on the part of the plaintiff that would, in law, defeat his right to recover the price agreed on for the goods he sold and delivered in the manner required by his contract. The learned trial court was therefore right in holding that the defendant had failed to exhibit any adequate defense, and as a consequence, in directing a verdict for the plaintiff.
Judgment affirmed.