## The Delaware, Lackawanna & Western Railroad Company *v.* Andrews Brothers Company, Inc., Appellant.

*Carriers—Transportation charges—Action for—Affidavit of defense—Insufficiency.*

In an action of assumpsit to recover transportation charges due on an interstate shipment, it appeared that a car of melons were consigned to defendant at Pittsburgh. Upon its arrival defendant directed the carrier to reconsign the car to a third party in Scranton and guaranteed all charges. The consignees in Scranton refused the car upon its arrival and later it was sold as perishable unclaimed freight.

The defendant averred in its affidavit of defense that the consignment to it was as commission merchant or broker and as agent for the shipper; that a shipping clerk of the carrier was orally notified that defendant was acting as agent for the shipper; and that several years prior to the shipment the shipper notified the carrier that defendant was its authorized agent with full authority to inspect, divert or take delivery of any shipment made to it. These averments were held insufficient to overcome the documentary evidence in the pleadings to the effect that defendant acted as principal in becoming the consignee, and in giving the written order to deliver the car in Scranton.

Argued April 26, 1927. Appeal No. 103, April T., 1927, by defendant from order of C. P. Allegheny County, July T., 1925, No. 2091, in the case of The Delaware, Lackawanna & Western Railroad Company v. Andrews Brothers Company, Inc. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover transportation charges due on an interstate shipment. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was made absolute. Defendant appealed.

*Error assigned* was the order of the Court.

*W. D. Stewart* of *Thorp, Bostwick, Stewart & Reed,* for appellant.

*G. W. Morgan,* and with him *W. F. Stadtlander* and *D. R. Reese,* for appellee.

OPINION BY LINN, J., July 8, 1927:

Judgment was entered for want of a sufficient affidavit of defense for freight and other transportation charges due in interstate commerce. Defendant, a corporation, has appealed. The amounts charged are not disputed here. Only two complaints are made: liability is denied on the ground that defendant was a commission merchant dealing with the shipment as agent for the owner with notice to the Pennsylvania Railroad Company of that fact; appellant also charges insufficiency of the statement of claim.

A car of melons was shipped by Peppers Fruit Company from San Blas, Mexico, to itself at El Paso, Texas; after arrival there, it was re-consigned to the same consignee at Detroit, Michigan. After arrival there, it was re-consigned to defendant at Pittsburgh. It arrived there on the tracks of the Pennsylvania Railroad Company. The defendant consignee, by writing dated July 8, 1922, directed the Pennsylvania Railroad Company to re-consign the car to Longo and Viti at Scranton, Pennsylvania, specifying the route, icing, etc., and containing the statement "all charges guaranteed"; this order was signed by defendant, as principal. Pursuant to that order, the car was promptly

delivered in Scranton on plaintiff's tracks. It was refused by Longo and Viti, the consignees. Defendant was immediately and repeatedly requested to furnish instructions for the disposition of the car, but gave none. The shipment was then sold as perishable unclaimed·freight and the amount received was credited on the transportation charges accrued from San Blas, Mexico, and this suit was brought for the balance.

Appellant's averment in the affidavit of defense that the consignment to it from Detroit was as "commission merchant or broker and as agent for the shipper," is contradicted by the way-bill—the only shipping document on the subject in the record;—it shows a consignment to appellant without any qualification. The first amendment to the affidavit of defense avers generally that a "shipping clerk" of the Pennsylvania Railroad Company was orally notified that defendant was acting as agent for the Peppers Fruit Company; the second amendment repeats this general averment and sets forth a copy of a letter dated September 8, 1921, written by Peppers Fruit Company to Pennsylvania Railroad Company at Pittsburgh, as follows: "This is to advise that Messrs. Andrews Brothers at Pittsburgh, Penna., are our authorized representatives, and have full authority ¡from us to inspect, divert, or take delivery of any of our shipments made by or consigned to this Company. Please notify all concerned, so that no delay or confusion will result, acknowledging receipt of this letter."

It is unnecessary now to decide whether that authority "to inspect, divert, or take delivery of any of our shipments,"includes authority to re-consign the cars of Peppers Fruit Company; nor need we discuss the general averments that defendant was acting as broker or agent for the owners, because there is no averment that defendant's reconsignment order of July 8, 1922, which guaranteed payment of all charges, and which obtained

the transportation to Scranton, was signed by appellant as principal and delivered by mistake under the impression that it was done as agent for Peppers Fruit Company; there is nothing in the affidavit of defense that even attempts to modify the positive and effective character of that document.

The car came to Pittsburgh consigned to defendant. A consignee is presumed to be the owner: P. & R. Rwy. Co. v. Baer, 56 Pa. Super. Ct. 307, 310; 10 C. J. sec. 87, p. 84; while this presumption is rebuttable, there is no rebutting allegation here. What stands out in the record is that defendant, as principal, by writing ordered the carrier to transport a car then at destination consigned to and presumably belonging to defendant, to another destination and there deliver it to another consignee. As to the transportation from Pittsburgh to Scranton, defendant was consignor. It acted with knowledge of an accumulation of transportation charges; the payment of those, as well as the charges to Scranton, defendant guaranteed.

Neither the letter of the Peppers Fruit Company written to the Pennsylvania Railroad Company in 1921, nor the fact that appellant's business is that of a commission broker or agent, is inconsistent with appellant's becoming the owner of a car shipped by the Peppers Fruit Company; neither would prevent the appellant from dealing with a carrier as principal if it chose to do so, and so far as this record discloses, that is exactly what appellant did by its written order. The delivery of that order was, for all that appears properly pleaded in the affidavit of defense and amendments, such exercise of ownership or of the right to dispose of the car as to impose on appellant liability for the transportation charges: R. R. Co. v. Whiting Lumber Co., 71 Pa. Super. Ct. 161; R. R. Co. v. Warren Ross Co., 234 N. Y. 261.

The case is unlike any of our decisions relied on by

appellant.   In Railway Co. v. Motor Co., 84 Pa. Super. Ct. 582, the consignee was held not liable because it neither accepted the goods nor exercised any authority over them; and it showed conclusively that it never ordered the shipment of the goods transported.   In Davis v. Richardson, 87 Pa. Super. Ct. 205, defendant was not a consignee but merely a notify-party named in an order bill of lading; the affidavit of defense alleged facts which this court concluded should be submitted to the jury to determine whether defendant had exercised such acts of dominion over the car after its arrival at destination as to render it liable on familiar principles for transportation charges.

We are not impressed with the argument that the statement of claim does not support the judgment; it clearly appears that the transportation set forth in this opinion took place, and that defendant's order guaranteeing the charges was relied on in the circumstances stated.

Judgment affirmed.