Philadelphia & Reading Railway Company *v.* Taylor et al., Appellants.

Argued November 18, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*John C. Ingham,* for appellants, cited: M. K. & T.
Ry. Co. v. Ward, 244 U. S. 383; P. & R. Ry. Co. v.
International Motor Co., 84 Pa. Superior Ct. 582;
Hoffman v. Marano, 71 Pa. Superior Ct. 26; Van Pelt
v. Spotz, 92 Pa. Superior Ct. 213.

*William P. Wilson,* and with him *J. Roy Lilley,* for
appellee.

OPINION BY LINN, J., March 9, 1931:

The plaintiff, Philadelphia and Reading Railway
Company, sued for freight and demurrage on a car-
load of hay. The shipment originated on the Lehigh
Valley Railroad at West Candor, New York. The
Lehigh Valley issued to defendant, the appellant, its
order-notify bill of lading June 30, 1920; destination,
Wilmington, N. C.; route, "L. V., P. R. R., and A. C.
L. delivery." The car arrived at Wilmington, N. C.,
but delivery was not taken by the notify-party. De-
fendant then surrendered the bill of lading to the
Atlantic Coast Line, the terminal carrier, at Wilming-
ton, N. C., and, by writing, directed that company to
ship the hay to defendant at Shenandoah, Pennsyl-
vania, on plaintiff's railroad, stating: "you will please
arrange to bill this car to us flat, with all charges to
follow." On arrival at Shenandoah, defendant ordered
plaintiff to deliver the car on the tracks of Indian
Ridge Colliery; that party refused to accept it, and
defendant, though immediately notified, failed to take
delivery, and abandoned the shipment. Plaintiff stored
the hay, and pursuant to the statute, sold it to enforce
its lien, receiving therefore $97.18, with which defend-
ant was credited in the statement of claim.

The suit is for all the freight, demurrage and storage
charges, accruing from West Candor, New York, where
the Lehigh Valley received it, to Wilmington, N. C.,
(1) in accordance with defendant's promise to pay
them as evidenced by its order quoted above; (Balti-

more and Ohio R. R. v. Samuel, 48 Pa. Superior Ct. 274) and, (2) for the tariff charges from Wilmington, N. C., to Shenandoah, Pa., which are claimed under the contract of carriage made at Wilmington, N. C., with the Atlantic Coast Line, for ultimate delivery on plaintiff's road. All the charges are alleged to be calculated and due according to filed tariffs, except certain items for handling the hay at Shenandoah amounting to $30.66; these handling charges were not allowed by the court, and no complaint concerning them is made here. The charges claimed according to the tariffs in evidence, less the sum realized at the sale, amount to $436.48, with interest.

The defense was that the hay delivered at Shenandoah, Pennsylvania, was not that originally shipped from New York; that at Wilmington, N. C., the Atlantic Coast Line substituted a poorer quality of hay, which defendant rejected at Shenandoah, thereby sustaining a loss (after deducting freight to Wilmington, N. C.) of $233.96, which it counter-claimed in this suit.

The case was tried in February, 1926. A jury rendered a verdict for plaintiff for $89.45. Both sides presented motions for judgment n. o. v., plaintiff desiring judgment for the full amount of its claim, instead of judgment on the verdict. In 1930, after the death of the trial judge, President Judge SEARLE of the 22d Judicial District was called in to dispose of the pending motions; after hearing, he granted plaintiff's motion and allowed judgment for such charges as were established by published tariffs.

Appellant's position in this court is based on the inference that, by its verdict, the jury has found, as appellant contended, that there was a substitution of hay of inferior quality by the Atlantic Coast Line at Wilmington, N. C., and that the resulting loss may be set off against plaintiff's claim—(1) for tariff charges earned from Wilmington, N. C., to Shenandoah, Pennsylvania, and—(2) the charges to Wilmington, even

though defendant had agreed to pay them to plaintiff in the written order which led to the shipment over plaintiff's line, without which promise, of course, the shipment could not have gone forward collect. Neither position is sound, for two reasons. In the first place, we pass over what is said about the inferences suggested by the verdict, and come to the complaint that plaintiff's motion for binding instructions was refused; if we find that a verdict for the full amount of plaintiff's claim should have been directed, it is as immaterial what the verdict was as if the jury had been discharged for disagreeing: Act of April 20, 1911, P. L. 70. In the second place, the counter-claim for damages alleged to have been incurred before the transportation from Wilmington began, is inconsistent with defendant's express agreement to pay to plaintiff all the tariff charges; the promise is unconditional: Baltimore & Ohio R. R. Co. v. Samuel, supra; Wabash R. R. Co. v. Pearce, 192 U. S. 179, 189.

While the federal legislation required that an initial carrier issuing a bill of lading for transportation to a destination beyond its line should be considered as employing the connecting carriers as its agents, the terminal or delivering carrier was not made liable for the tort of another; the law left "the relation of all connecting carriers, including the terminal carrier, to the shipper or consignee and to each other, entirely unaffected": Oregon etc., Co. v. McGinn, 258 U. S. 409.

When the defendant sent its written order to the Atlantic Coast Line directing that company to "arrange to forward this car to us at Shenandoah via P. & R. ...... You will please arrange to bill this car to us flat with all charges to follow," it was, of course, that company's duty to forward defendant's property. This record however shows that after the car was reshipped from Wilmington, N. C., pursuant to defendant's order, it arrived at destination, Shenan-

doah, Pa. Defendant was then notified of that arrival in writing and on October 13, 1920, it notified plaintiff as follows: "Confirming our telephone conversation with you of this date, you will please arrange to deliver car C. & N. W. 53,808 to Philadelphia & Reading Coal & Iron Co. at Shenandoah for Indian Ridge Colliery, and oblige," [defendant]. Under the decisions of this State, that was an acceptance of the shipment; it was such exercise of dominion over it as, alone, would render defendant liable to pay the tariff charges in suit: W. J. etc., R. R. v. Whiting Co., 71 Pa. Superior Ct. 161, 163; P. & R. Rwy. Co. v. International M. Co., 84 Pa. Superior Ct. 582, 587. If, later, the party to whom defendant directed local track delivery to be made declined to take it, the shipment, as between defendant and plaintiff, belonged to defendant as completely as it did before local delivery was requested. Having so accepted the shipment at destination it was liable to judgment in this suit for the tariff charges.

Judgment affirmed.