Friedman *v.* Northeast Business Men's Building and Loan Association, Appellant.

Argued December 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*I. S. Grossman,* for appellant.

*Maurice M. Green,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1936:

This action of assumpsit was brought to recover the sum of $1,830 paid into the defendant association by Jacob Litvin, a former stockholder and plaintiff's assignor.

The plaintiff, in her statement of claim, alleged that on March 30, 1931, the association, while solvent, by virtue of the action of its board of directors, forfeited the Litvin stock; that it has refused to pay her the sum actually paid in, less the amount due the association and the proportionate share of losses and expenses incurred at the time of forfeiture, as provided by its by-laws, although demand for payment was made by Jacob Litvin's attorney in December, 1931, and other demands were subsequently made.

The affidavit of defense admitted that payments totaling $1,830 were made, and that the association, through its board of directors, had cancelled the stock then owned by Litvin, owing to his failure to pay the dues and interest thereon. In paragraph 3, it is averred: "It is neither admitted nor denied that the defendant association was solvent on March 30, 1931. The solvency of the association depends entirely upon the valuation of the assets and liabilities of the association. If the association was solvent on that date, the defendant demands proof thereof, if material." This was an in-

sufficient denial of solvency under section 8 of the Practice Act, approved May 14, 1915, P. L. 483 (12 PS §390), which provided: "It shall not be sufficient ...... to deny generally the allegations of the statement of claim ...... each party shall answer specifically each allegation of fact of which he does not admit the truth." In Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 433, 112 A. 632, it is said that if defendant contents "himself with a simple disavowal of knowledge, and a formal call for proof ......, all matters thus dealt with in the affidavit of defense, and are duly averred in the statement of claim, may be treated as conceded ......" See, also, Yulsman et al. v. Levy, 97 Pa. Superior Ct. 392, 395; Foster, Exr., v. Wehr, 114 Pa. Superior Ct. 101, 106, 173 A. 712.

Section 8 of the Act of 1915, supra, was amended by the Act of June 12, 1931, P. L. 557 (12 PS §390), by adding the provision: "That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist and to demand proof of such alleged facts by the opposite party, but in no event shall either party be required to allege or prove that he has inquired of the opposite party as to, or investigated, alleged facts, the proof of which is under the exclusive control of the opposite party." This amendment was considered in the case of Bank of Am. Nat. Tr. & Sav. Assn. v. Sunseri, 311 Pa. 114, 117, 166 A. 573, where the defendants averred "that they have no knowledge of the facts set forth therein and that after reasonable investigation they are unable to ascertain whether or not the facts alleged therein are true, and aver that the proof of the facts alleged therein are under the exclusive control of

the plaintiff, and, therefore, demand proof of the same." This affidavit was held to be insufficient. Mr. Justice SIMPSON, in delivering the opinion of the court, said (p. 118) : "If they (defendants) did make an investigation regarding those facts, they should have averred exactly what they did, and the court would have decided whether or not it was reasonable;" and stated further that the Act of 1931 makes but little change, if any, in the requirements of an affidavit of defense.

This section was further amended July 12, 1935, P. L. 666, so that now a defendant is not required to aver or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge; his affidavit alone is sufficient to support his allegation of reasonable investigation.

These amendments, however, do not relieve the defendant, if it relies upon insolvency, of setting forth that fact with sufficient supporting data. In the very nature of things, the association has within its possession and control all the information respecting its financial condition. It knows better than any one else, certainly better than the plaintiff, whether or not it was solvent. It cannot escape its duty by calling on the plaintiff to perform it.

The by-laws of the association provided: "There shall then be paid to him upon demand, the amount of dues actually paid ......" The defendant questions the adequacy of plaintiff's averment that a demand was made, in that it was not stated whether it was oral or written, and the name of the officer of the association upon whom it was made. Where cancellation or forfeiture occurs, the relationship that exists between the owner of the stock and the association is severed. Thereafter, it is that of creditor and debtor. In Sundheim on Building and Loan Associations, 2d ed., §158, the author says that a forfeiture "dissolves all obligation of

both parties, except an adjustment of their accounts. If the stock has not been borrowed upon, the stockholder is entitled to a return of the amount actually paid in, less fines, his proportion of losses, if any, and other charges." An assertion by a creditor of a legal right to recover from a debtor is a demand. Therefore, when suit was brought for an indebtedness which was due, that was a sufficient demand. No other was necessary as a condition precedent to a right of action: Milne's App., 99 Pa. 483, 490; Boustead v. Cuyler, 116 Pa. 551, 555, 8 A. 848.

We find no adequate denial of liability set forth in the affidavit of defense. As the learned court below stated, if the defendant is in financial difficulty a petition may be presented to stay execution, and, if adequate and proper reasons are shown therefor, relief may be granted.

Judgment affirmed.