Pennsylvania Railroad Company *v.* Rubin et al., Appellants.

Argued March 8, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER JAMES and RHODES, JJ.

*Adrain H. Jones,* for appellants.

*Thomas Byron Miller,* for appellee.

OPINION BY BALDRIGE, J., April 13, 1938:

This action was brought by the Pennsylvania Railroad Company against Hyman Rubin and S. E. Goodstein, trading as the City Produce Company, to recover freight and transportation charges on two cars of grapes shipped from California.

The plaintiff introduced in evidence the various paragraphs of its statement of claim and the answers thereto in the affidavit of defense, and rested. No evidence was offered by defendants. The court directed a verdict for plaintiff, and thereafter denied motions for a new trial and judgment n.o.v. for defendants.

The Seaton Fruit Company shipped from Santa Rosa, California, to Chicago, cars P.F.E. 23963 and S.F.R.D. 6225 containing grapes consigned to itself. The shipper ordered the cars reconsigned from Chicago to C. V. Rohrbacker Company, Hazleton, Pa., who, in turn, ordered them diverted to the defendants at Hazleton.

In the sixth paragraph of the statement of claim, the plaintiff averred as follows:

"On October 27, 1927, the said Defendants ordered the agent of the Plaintiff at Hazleton, Pa. to divert said cars to themselves at Scranton, Pa., notify Greenberg Brokerage Company.

"A copy of said diversion order is hereto attached

and made part hereof, designated 'Plaintiff's Exhibit C-1 and C-2', respectively."

This exhibit bearing two numbers is a letter written on defendants' stationery on October 27, 1927, to plaintiff's agent at Hazleton, directing that these two cars be diverted "to ourselves Scranton, Pa. notify Greenberg Brokerage Co. Pauli Bl. all charges following. (Signed) City Produce Co. Per. Peter Goodstein." The answer thereto in the affidavit of defense is as follows: "The sixth paragraph is denied. It is denied that the defendants ordered the agent of the plaintiff at Hazleton, Pa., to divert said cars to themselves at Scranton, Pa. and notify Greenberg Brokerage Company."

The eighth paragraph of the statement of claim is as follows:

"The said Greenberg Brokerage Company, agents of the Defendant were unable to dispose of said shipments, and by orders dated November 5, 1927 and November 3, 1927 respectively, the Defendants authorized and directed the agent of the Delaware & Hudson Company to deliver said cars to the Shampanier Brokerage Company.

"Copies of said orders are hereto attached and made part hereof, designated 'Plaintiff's Exhibits D-1 and D-2', respectively."

The exhibits referred to are two telegrams, both signed "City Produce Co." The answer thereto reads: "The eighth paragraph is denied. It is denied that the Greenberg Brokerage Co. were agents of the defendants. It is denied that the defendants, by orders dated November 5, 1927 and November 3, 1927 authorized and directed the agent of the Delaware & Hudson Company to deliver said cars to the Shampanier Brokerage Company."

The ninth paragraph sets forth that in pursuance of this authority the cars were delivered to the Sham-

panier Brokerage Company, who, upon receipt thereof, ordered, by telephone, later confirmed by letter attached to the statement, that the cars be diverted to the defendants at Hazleton. The defendants "denied that said cars were delivered to the Shampanier Brokerage Co. pursuant to any authority given by the defendant company."

The tenth paragraph of the statement averred that pursuant to orders from defendants, the cars were transported by the Delaware and Hudson Company and the plaintiff from Scranton to Hazleton. The defendants denied that such movement of the cars was made in pursuance of any orders it had given, that shipment by the Shampanier Brokerage Company was made upon its own responsibility and without the authority of the defendants.

The eleventh paragraph of plaintiff's statement sets forth that its agent at Hazleton notified defendants of the arrival of the cars and they refused to accept them, and thereupon plaintiff's agent wired C. V. Rohrbacker Company, who had ordered the cars diverted to defendants, requesting orders for disposition. The defendants answered this paragraph: "The eleventh paragraph is neither admitted or denied. The facts contained therein are not within the knowledge of the defendants."

Orders for the disposition of the grapes not having been furnished to plaintiff by either the defendants or Rohrbacker Company, they were sold for $450. Suit was brought to recover charges, which, after allowing credit for the proceeds of the sale, amounted to $1,132.13.

The assignments of error did not cover the admission in evidence of the eleventh paragraph of the statement of claim. It must be considered as properly admitted in evidence. The action of the learned court below was based largely on the insufficient answer to the eighth

paragraph of plaintiff's statement where it is averred that the defendants authorized the agent of the Delaware and Hudson, by telegrams, to deliver the cars to the Shampanier Brokerage Company, who subsequently diverted them to the defendants at Hazleton. Whatever other averments were denied, we find no specific denial by the defendants that they sent those telegrams.

General or indefinite denials in an affidavit of defense are insufficient, under the Pennsylvania Practice Act of May 14, 1915, P. L. 483, §8, and its amendments of June 12, 1931, P. L. 557, §1, and July 12, 1935, P. L. 666, §1 (12 PS §390) : *Plummer et al. v. Wilson,* 322 Pa. 118, 125, 185 A. 311. To be effective they must be clear and specific: *Jones et al. v. Dubuque F. & M. Ins. Co.,* 317 Pa. 144, 176 A. 208; *Friedman v. B. & L. Assn.,* 120 Pa. Superior Ct. 604, 182 A. 792.

In our judgment, these denials were insufficient. The explicit orders contained in the telegrams, having been acted upon by the carrier, constituted a binding contract between the parties: *Horwath et al. v. Simon,* 95 Pa. Superior Ct. 410; *C. & N. Rwy. Co. v. Picard et al.,* 98 Pa. Superior Ct. 134. "A consignee is presumed to be the owner: *P. & R. Rwy. Co v. Baer,* 56 Pa. Superior Ct. 307, 310; 10 C. J. §87, p. 84; while this presumption is rebuttable, there is no rebutting allegation here. What stands out in the record is that defendant, as principal, by writing ordered the carrier to transport a car then at destination consigned to and presumably belonging to defendant, to another destination and there deliver it to another consignee": *D. & L. W. R. R. v. Andrews Bros. Co.,* 90 Pa. Superior Ct. 574, 577. In *Penna. R. R. Co. v. Rothstein et al.,* 116 Pa. Superior Ct. 156, 161, 176 A. 861, we said: "In order to crystallize the rulings of our earlier cases, we now state the definite rule that a diversion or reconsignment order obligates the one signing it for the payment of freight

charges, unless he states, in the order itself, not only the fact that he is acting as agent for another, but also the name of his principal."

Having exercised dominion over these cars, the appellants became liable for the freight and transportation charges: *P. & R. Rwy. Co. v. Taylor et al.,* 102 Pa. Superior Ct. 31, 156 A. 587; *Penna. R. R. Co. v. Rothstein & Sons,* 109 Pa. Superior Ct. 96, 165 A. 752.

The appellants raise the further question that the statement of claim is not self-sustaining. We think the contention is entirely without sound foundation. The plaintiff sufficiently averred facts showing that it had dealt with the appellants and that they expressly recognized a contractual relationship and assumed ownership of these shipments.

A careful study and consideration of all the averments in the plaintiff's statement and answers thereto in the affidavit of defense bring us to the conclusion that the learned court below very properly disposed of this case by entering judgment for the plaintiff on the pleadings.

Judgment is affirmed.