## Martin, etc., v. Barfield

*Robert McK. Glass*, for plaintiff.
*Michael Kivko*, for defendant.

TROUTMAN, J., December 20, 1948.—Plaintiff filed his complaint to recover charges for transporting frozen foods from Jersey City, N. J., to Greencastle, Pa., at the request of defendant. Defendant filed an answer admitting all of the allegations of plaintiff's complaint except one of those contained in paragraph 3 of the said complaint. Paragraph 3 of plaintiff's complaint reads as follows:

"3. On or about January 16, 1948, at the request of the defendant, plaintiff transported from Jersey City, N. J. to Greencastle, Pa., 1,000 cases of frozen lima beans by refrigerator van."

Paragraph 3 of defendant's answer reads as follows:

"3. In answer to the averments in paragraph 3 of the complaint it is admitted that on or about January 16, 1948, plaintiff transported cases of frozen lima beans by refrigerator van from Jersey City, N. J. to Greencastle, Pa., but it is denied that this was done at the request of the defendant."

Upon the filing of the answer, plaintiff filed his motion for judgment on the pleadings on the ground that by failure of defendant sufficiently to deny the same, defendant has admitted that the transportation of frozen vegetables by plaintiff was done at the request of defendant.

Rule 1029(b) of Pa. R. C. P. provides as follows:

"Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission."

Section 6 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §387, required denials "specifically or by necessary implication" under penalty of admission. This language is copied verbatim in rule 1029(b). As a result, all of the decisions, under the Practice Act of 1915, adjudicating the nature of a specific denial, and determining whether particular forms of language are adequate, will be applicable under rule 1029(b). See Goodrich-Amram Civil Practice, p. 132. General or indefinite denials in an affidavit of defense are insufficient, under the Practice Act of May 14, 1915, P. L. 483, sec. 8, as amended, 12 PS §390. To be effective they must be clear and specific: Pennsylvania

Railroad Company v. Rubin et al., 130 Pa. Superior Ct. 578. No arbitrary rule can be laid down for determining whether a denial is general or specific as the denial must be considered in relation to the averments of the statement of claim and the wording thereof in a particular case: Bean v. Harleysville National Bank, 160 Pa. Superior Ct. 396. As stated in 4 Standard Pa. Practice §177, 174, "The problem of what is a specific denial is an exceedingly difficult one." Denials in an affidavit of defense which merely repeat the exact words of the corresponding paragraphs in the statement of claim are, under the Practice Act of 1915, insufficient to prevent judgment: Miners Bank of Wilkes-Barre v. Ingham, 17 D. & C. 740. An affidavit of defense should set forth, fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment: McKaraher v. Dowling et ux., 90 Pa. Superior Ct. 32, 33.

A careful consideration of the averments of the third paragraph of the complaint show that on or about January 16, 1948, at the request of defendant, plaintiff transported from Jersey City, N. J. to Greencastle, Pa., 1,000 cases of frozen lima beans by refrigerator van. Defendant's answer to the third paragraph of the complaint states that it is admitted that on or about January 16, 1948, plaintiff transported cases of frozen lima beans by refrigerator van from Jersey City, N. J. to Greencastle, Pa., but it is denied that this was done at the request of defendant. It is to be noted that a portion of the third paragraph of defendant's answer admits that cases of frozen lima beans were transported but does not state that 1,000 cases were transported. We are of the opinion that this denial is insufficient in that it is evasive as far as the admission is

concerned as to the number of cases which were transported and the denial is not specific in that it may be a denial that 1,000 cases of frozen lima beans were transported at the request of defendant but it is highly possible to infer that a less number of cases might have been transported at the request of defendant. The denial that the transportation was done at the request of defendant does not deny that more or less cases of frozen lima beans than alleged had been transported at the request of defendant. Defendant should have further averred, if the facts would warrant the same, that neither the 1,000 cases of frozen lima beans nor any cases whatsoever were transported, at the request of defendant. Where an affidavit of defense denies a plaintiff's averments by repeating in the negative the averments almost verbatim, it is vague, indefinite and insufficient: Downs v. Czechowicz, 30 Luz. 125.

We are of the opinion that the answer does not meet the requirements of the Pennsylvania Procedural Rules and is insufficient to prevent judgment. Yet we feel that justice requires that defendant be permitted to supply the averments mentioned as lacking, if such be the facts, in an amended answer, and our order will be made accordingly.

## Order

And now, to wit, December 20, 1948, the motion for judgment on the pleadings is made absolute, and the prothonotary is directed to enter judgment for plaintiff and against defendant in the sum of $149.21, together with interest thereon at the rate of 6 percent from January 16, 1948, together with the costs of suit, unless, within 10 days after notice of the filing of this order, defendant files an amended answer alleging the matters indicated in the opinion filed herewith.